United States Court of Appeals,

Fifth Circuit.

No. 91–2244.

PRUDENTIAL–BACHE SECURITIES, INC., William Erik Byrne and Don Robbins, Plaintiffs–Appellees,

v.

James Forrest FITCH and Marion T. Fitch, Defendants–Appellants.

July 24, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before DAVIS, JONES and EMILIO M. GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

James and Marion Fitch appeal from the order of the district court enjoining them from proceeding with their litigation against Prudential–Bache except in arbitration ordered earlier by the same court. We conclude that the district court did not have jurisdiction over Prudential–Bache's petition to compel arbitration or for injunctive relief. Accordingly, we vacate the district court's orders and dismiss this action.

I.

In 1984, James and Marion Fitch purchased certain limited partnership investments through Prudential–Bache Securities, Inc. (Prudential). In conjunction with those purchases, the Fitches executed a joint account agreement which included an agreement to arbitrate any dispute relating to the account, the transaction or the agreement itself.

In July 1988, the Fitches filed suit against Prudential and its sales representatives, William Byrne and Don Robbins, in Texas state court. The Fitches sought damages from the defendants for fraud, breach of fiduciary duties, and violations of federal securities laws. In October 1988, Prudential attempted to remove this action to federal district court. Because the petition for removal was not timely filed, the district court entered an Agreed Order remanding the case to state court.

Until March of 1989, the case proceeded in state court. At that time, Prudential made a settlement offer and also demanded arbitration as provided for in the agreement. The Fitches filed an amended petition in state court requesting a declaratory judgment that the arbitration agreement was unenforceable. The Fitches also obtained a temporary restraining order (TRO) prohibiting Prudential from enforcing its arbitration rights in any forum other than the state court where the action was pending. The TRO dissolved on May 4, 1989.

Five days later, Prudential filed suit in federal district court seeking an order to compel arbitration. The Fitches answered and filed a motion to dismiss based on lack of jurisdiction, abstention, comity and other grounds. In the meantime, the Fitches were proceeding with their case in state court and filed a motion for partial summary judgment declaring the arbitration agreement null, void or inapplicable. The state court denied Prudential's plea in abatement and request to defer consideration of the Fitches' motion for summary judgment pending resolution of the arbitration issue in federal court.

On June 4, 1990, before the state court ruled on the Fitches' motion for summary judgment, the federal district court entered an order compelling arbitration pursuant to 9 U.S.C. § 4. The district court found that it had subject matter jurisdiction over Prudential's complaint based on the Federal Arbitration Act and the Securities Exchange Act and denied the Fitches' motion to dismiss. We dismissed the Fitches' attempt to appeal that order to this court because the order compelling arbitration was not a final and appealable order under 28 U.S.C. § 1291. Despite the federal court's order compelling arbitration, the Fitches continued to litigate in state court. After a second plea in abatement was denied by the state court, Prudential filed a motion in federal district court for an order enjoining the Fitches from proceeding in state court. The district court granted Prudential's motion without hearing on February 9, 1991. The order of injunction was entered on February 11, 1991.

On February 20, 1991, the Fitches filed a motion to vacate the order of injunction which was

heard on March 1, 1991. Immediately following the hearing the court issued its order denying the Fitches' motion. The Fitches filed their notice of appeal the same day. The Fitches' attorneys received in the mail from the clerk a copy of the March 1, 1991 order which was stamped "ENTERED" and dated March 1, 1991. They later learned, after the period for appeal had expired, that the order was not actually docketed until March 12, 1991.

## II.

The first issue we must consider in this case is whether we have jurisdiction over this appeal. Federal Rule of Appellate Procedure (FRAP) 4(a) provides, in part:

> (2) Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the date thereof.
>
> ....
>
> (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

FRAP 4(a)(6) specifies that "A judgment or order is entered within the meaning of this Rule 4(a) when it is entered in compliance with Rules 58 [order set forth on separate document] and 79(a) [entry on docket sheet] of the Federal Rules of Civil Procedure."

Prudential argues that the Fitches' motion to vacate the injunction was a motion under Federal Rules of Civil Procedure (FRCP) 59. According to Prudential, it follows that the Fitches' notice of appeal had no effect because it was filed on March 1, before the "entry of the order" denying the motion, ie. before the order was entered on the docket sheet on March 12 in accordance with FRCP 79(a).

The Fitches respond first that their motion to vacate the injunction was not a motion to alter or amend the judgment under FRCP 59; rather it was made pursuant to FRCP 60(b)(5). FRCP 60(b)(5) permits the trial court to grant relief from a judgment or order if "... it is no longer equitable that the judgment should have prospective application." FRCP 59 motions must be filed within 10 days of the entry of judgment. FRCP 60(b) extends the time within which relief may be sought.

Recognizing that FRCP 59 and 60 may be used to correct similar errors, this Circuit has established a bright line rule for distinguishing Rule 59 motions from Rule 60 motions. If a motion is served within 10 days following the entry of judgment and draws into question the correctness of the judgment, it will be treated as a Rule 59 motion for purposes of determining the timing of notices of appeal from the judgment. *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 669 (5th Cir.1986) (en banc). The Fitches' motion to vacate the injunction was filed within 10 days of the entry of the order of injunction. The motion primarily reargued points previously briefed. Indeed, Fitches' counsel announced at the hearing that the filing was only to formally object to the injunction for the record. Because the Fitches' motion calls into question the correctness of the district court's judgment and was filed within 10 days of the order it sought to vacate, we treat it as a Rule 59(e) motion. *Id.*

Under FRAP 4(a)(4), any notice of appeal filed before the ruling on a FRCP 59(e) motion is entered on the docket is ineffective. An aggrieved party must file a new notice of appeal within the time period for appeal after the district court enters its order ruling on the motion. The Fitches did not file a notice of appeal after March 12, the date the district court's order denying their motion to vacate was actually entered on the docket. Therefore, under a technical application of the Rules of Civil and Appellate Procedure, the Fitches' notice of appeal was not timely and absent any saving principle, we do not have jurisdiction over this appeal.

The Fitches urge in the alternative that the facts of this case present a "unique circumstance"

which requires this court to look beyond a formalistic application of the rules. The Fitches point to their reliance on the copy of the district court's order disposing of their motion which was stamped as "ENTERED" on March 1, 1991. This notation on the order led them to conclude that their March 1, 1991 notice of appeal was not premature. If it was not premature, then no additional notice of appeal was required to perfect their appeal. The Fitches did not receive a copy of the docket sheet, showing that the order was actually entered on March 12, until after the time for filing a notice of appeal based on the March 12th entry date had passed.

The "unique circumstances" remedy applies "where counsel fails to file a notice of appeal within the prescribed time based on its good faith reliance on a mistaken assurance or statement of the district court." *In re MDL 262,* 799 F.2d 1076, 1079 (5th Cir.1986). For example, in *Thompson v. I.N.S.,* 375 U.S. 384, 386, 84 S.Ct. 397, 398, 11 L.Ed.2d 404 (1964), the trial court stated that an untimely motion for new trial was made "within ample time." FRAP 4(a)(4) only tolls the time for filing a notice of appeal until the disposition of "timely" FRCP 59 motions. In *Thompson,* however, because the trial court specifically announced that it considered the motion for new trial as timely, the Supreme Court held that the time for filing the notice of appeal ran from the order denying the motion for new trial, instead of from the date of the original judgment. *Id.* at 386–87, 84 S.Ct. at 398.

The unique circumstances exception has also been applied when a court, without authority, grants a party an extension for filing his Rule 59 motion, and the party then relies on that extension for filing a Rule 59 motion and, ultimately, a notice of appeal. *See Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964), mem. rev'g 321 F.2d 393 (D.C.Cir.1963); *Fairley v. Jones,* 824 F.2d 440 (5th Cir.1987). Similarly, in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), the district court granted a party an extension to file its notice of appeal. The extension was improperly granted and the Court of Appeals dismissed the appeal. The Supreme Court found unique circumstances and directed the Court of

Appeals to consider the appeal on the merits.

The Supreme Court's most recent statement on the unique circumstances exception indicates that the rule applies only where the district court makes an "affirmative representation" or "specific assurance" that a party's notice of appeal was proper. In *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 178–79, 109 S.Ct. 987, 992, 103 L.Ed.2d 146, 157 (1989), the Supreme Court affirmed the Eleventh Circuit's refusal to apply unique circumstances. The party invoking the saving principle attempted to rely on ambiguous acts and statements by the district court as leading them to believe that their notice of appeal was timely. The court held that ambiguous acts are not enough.

In the instant case, the district court did not tell the Fitches directly that their notice of appeal was timely. However, the Fitches argue that the notice of the district court's order that was stamped as "ENTERED" on March 1, 1991, is an affirmative representation of the court that has the same effect. We agree. The clerk's notice sent to the Fitches officially notified them of the date the critical order was entered. This is the kind of "affirmative representation" or "specific assurance" that triggers the special circumstances rule.

The Federal Rules of Civil Procedure contemplate that the clerk will notify litigants of the entry of the district court's orders.[1] Litigants may rely on the accuracy of the clerk's notice that is regular on its face. Parties may not rely on the clerk to send them notice and absence of notice is no excuse for not filing a timely notice of appeal. *Wilson v. Atwood Group,* 725 F.2d 255, 258 (5th Cir.1984) (en banc). However, parties should be able to rely on the notice they do receive. In *Tubbs v. Campbell,* 731 F.2d 1214 (5th Cir.1984), the clerk's office misled the plaintiffs into believing that no judgment had been entered, causing them to miss deadline for appeal. On those facts, we held that

---

[1]FRCP 77(d) requires the district court clerk to send notice to all parties not in default immediately upon the entry of an order. Also, the rule provides that the clerk shall serve notice of entry in the manner provided for in FRCP 5. FRCP 5(b) states that service upon the attorney or another party is made by delivering or mailing a *copy* of the order, pleading, motion, notice, etc. to the attorney or other party.

reentry of the judgment under Rule 60(b)(6) to allow extension of time to appeal was proper.

The Fitches were therefore entitled to rely on the notice provided to them in accordance with the Rules of Civil Procedure to determine whether their notice of appeal filed March 1, 1991 was adequate to perfect their appeal. They were not required to view the actual docket sheet to determine the date of entry of the order. Such a requirement would nullify the notice procedures in Rules 5 and 77 of the Federal Rules of Civil Procedure.[2] Accordingly, we conclude that the facts of this case present a unique circumstance which requires us to waive a formalistic application of FRAP 4(a)(4). This appeal was adequately perfected.

### III.

Now that we have resolved the issue of our own jurisdiction to hear this appeal, we consider the district court's jurisdiction. More particularly, we must determine whether the complaint Prudential filed against the Fitches to compel arbitration under the Federal Arbitration Act (FAA) was within the jurisdiction of the district court. Prudential's complaint alleged and the district court found jurisdiction based on the FAA and federal securities laws.

Section 4 of the FAA provides in relevant part:

A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a

---

[2]Note also that FRAP 4(a)(6) was amended effective December 1, 1991 (well after the order at issue in this appeal) to allow a district court under certain circumstances to extend the time for appeal for a party who does not receive notice of the entry of a judgment within 21 days of its entry. This new rule places additional importance on the notice provisions discussed above.

> FRAP 4(a)(6), as revised, reads as follows:
>
> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of the order reopening the time for appeal.

written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement....

9 U.S.C. § 4. As the Supreme Court stated in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983):

> The Arbitration Act is something of an anomaly in the field of federal court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet *it does not create any independent federal-question jurisdiction under 18 U.S.C. § 1331 ... or otherwise.* Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, *there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.* E.g., *Commercial Metals Co. v. Balfour, Guthrie & Co.,* 577 F.2d 264, 268–69 (5th Cir.1978), and cases cited. Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence. Nevertheless, although enforcement of the Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal courts where otherwise appropriate.

*Id.* at 25, n. 32, 103 S.Ct. at 942, n. 32. (emphasis added).

Thus, *Moses Cone* establishes definitively that the FAA does not provide an independent basis for federal jurisdiction. Prudential looks to the language of the statute however, and argues that federal question jurisdiction may be derived from the dispute to be arbitrated. The statute states that a district court may compel arbitration if it "would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit *arising out of the controversy between the parties.*" 9 U.S.C. § 4. (emphasis added). Further, the Supreme Court in *Moses Cone* stated that a federal court has jurisdiction over a § 4 motion to compel "when the federal district court would have jurisdiction over a suit *on the underlying dispute." Moses Cone,* 460 U.S. at 25, n. 32, 103 S.Ct. at 942, n. 32. (emphasis added).[3] Prudential argues that the "underlying dispute" in this case is the Fitches' state

---

[3]The entire sentence from *Moses Cone* is helpful in understanding the Court's reference to the "underlying dispute."

> Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

court complaint that at least initially contained allegations of federal securities law violations. Thus, under Prudential's reading of the FAA and *Moses Cone,* the securities law claims in the underlying state court dispute would provide the required independent basis for federal jurisdiction in a separate action seeking to compel arbitration.

Admittedly, if read in a vacuum, the FAA could be interpreted to allow courts to look to the underlying controversy between the parties, rather than the actual suit before the district court, to determine whether federal jurisdiction is present. However, when we read the statute in light of its history and purpose and in conjunction with well established rules for determining federal question jurisdiction, we find that interpretation unpersuasive.

To understand the jurisdictional provisions of the FAA, we find it helpful to consider the background against which Congress enacted the statute. At the time the FAA was passed, federal courts would not enforce a claim for specific performance of an agreement to arbitrate. Courts reasoned that such claims were unenforceable because the effect of an arbitration clause was to "oust" the court of jurisdiction over the claim. *Kulukundis Shipping Co. S/A v. Amtorg Trading Corp.,* 126 F.2d 978, 985 (2d Cir.1942). This reasoning, based on an arcane English common law rule, apparently dates back to a time when judges' salaries were determined largely from fees from cases heard before them. The rule, nullifying agreements that would act to deprive the court of jurisdiction over a case, was enforced to prevent depletion of the judge's case load and accompanying fees. *Id.* at 983–84.

The purpose of the FAA was to overturn this rule and to require the courts to treat agreements to arbitrate like any other contract. The statute simply "make[s] valid and enforceable agreements for arbitration contained in contracts involving interstate commerce ... or which may be

---

As we explain later, we do not read this sentence as establishing a radical new rule for determining federal jurisdiction.

the subject of litigation in the Federal courts." HR Rep. No. 96, 68th Cong., 1st Sess. 1 (1924), cited in *Prima Paint Corp. v. Flood & Conklin,* 388 U.S. 395, 418 n. 18, 87 S.Ct. 1801, 1813 n. 18, 18 L.Ed.2d 1270, 1285 n. 18 (1967). *See also The Anaconda v. American Sugar Refining Co.,* 322 U.S. 42, 44, 64 S.Ct. 863, 865, 88 L.Ed. 1117, 1119 (1944). As the Supreme Court stated in *Moses Cone,* the statute merely creates a body of substantive law to be applied to arbitration agreements, it does not create a new basis for federal question jurisdiction. 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32.

Thus the FAA allows a party to petition a district court to enforce an agreement to arbitrate if the court "save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties". When the FAA is read in light of its purpose, we agree with two district courts that the statute should be read as follows:

> A court which is otherwise vested of jurisdiction of the suit [i.e. "would have" jurisdiction "save for" the agreement] would not be divested [of jurisdiction] by the arbitration agreement and may proceed to order arbitration, contrary to prior precedent.

*Klein v. Drexel Burnham Lambert, Inc.,* 737 F.Supp. 319, 323 n. 12 (E.D.Pa.1990); *Drexel Burnham Lambert, Inc. v. Bock,* 696 F.Supp. 957, 963 (S.D.N.Y.1988).

This reading leaves intact the well established rule that, under § 1331, federal question jurisdiction is established on the basis of a "well pleaded complaint." It is also consistent with the Supreme Court's statements regarding the statute in *Moses Cone.* In *Moses Cone,* the Supreme Court did refer to a court's jurisdiction over the "underlying dispute." However, it also clearly stated that § 4 of the FAA "does not create any independent federal-question jurisdiction under 18 U.S.C. § 1331 ... or otherwise ... [T]here must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." 460 U.S. at 25, n. 32, 103 S.Ct. at 942, n. 32. There is no indication that Congress in enacting the FAA, or the Supreme Court in interpreting it,

intended to change the rules for determining federal jurisdiction over a complaint.[4]

The usual rules for determining federal question jurisdiction provide that a "complaint will not avail a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70, 72 (1936). Prudential's "well pleaded" complaint seeks one objective: to enforce its rights under its contract with the Fitches and compel arbitration of the dispute. The Fitches' underlying dispute with Prudential, including claims that Prudential violated the federal securities laws, is not part of Prudential's complaint. *See Drexel Burnham Lambert, Inc. v. Bock,* 696 F.Supp. 957 (S.D.N.Y.1988) (No removal jurisdiction over Drexel's state court suit to compel arbitration on certain terms where the customers' charge being arbitrated was based on violations of federal securities laws.) The petition does not ask the court address any issues of federal law (other than the FAA which does not provide a basis for federal jurisdiction) in deciding whether the arbitration clause is enforceable. *Klein v. Drexel Burnham Lambert, Inc.,* 737 F.Supp. 319 (E.D.Pa.1990) (No jurisdiction over plaintiff customers' complaint seeking consolidation of their claims in arbitration even though underlying claims alleged violations of the federal securities laws. Those claims were not before the court in deciding arbitration issue.) In addition, diversity of citizenship is not present in this case. *Cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 637 F.2d 391 (5th Cir.1981) (*Haydu I* ) (Diversity present) *with Ranger Fuel Corp. v. Youghiogheny & Ohio Coal Co.,* 677 F.2d 378 (4th Cir.1982) (If indispensible party added, no complete diversity.)

Our holding, that jurisdiction for a petition to compel arbitration be determined from the face of the petition, has been followed in at least one other case in this circuit without explicitly stating that federal question jurisdiction cannot be derived from the underlying dispute to be arbitrated. In *Haydu I,* 637 F.2d at 395, Haydu filed suit in state court against Merrill Lynch for negligence, fraud, and

---

[4]"The usual rules for determining federal question jurisdiction ... apply [to actions under the Federal Arbitration Act]." C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3569, at 172 n. 12 (1984).

breach of fiduciary duties. After an unsuccessful attempt to remove the case to federal court, Merrill Lynch filed a petition in federal court to compel arbitration of the dispute with Haydu. As one stage of evaluating the district court's jurisdiction over the motion to compel, we looked at Merrill Lynch's "independent petition to compel arbitration", not the dispute in the underlying state suit, and found that the district court could have jurisdiction because the petition alleged diversity of citizenship. *Id.*

In conclusion, a party seeking to enforce rights created by the FAA must do so in state court unless federal jurisdiction is independently established by the allegations of the plaintiff's own complaint or unless the case is already in federal court. If, for example, Prudential had been successful in its attempt to remove the Fitches' action from state to federal court, the federal court could have entertained Prudential's motion to compel arbitration. Here, however, the only claim before the district court was Prudential's petition to compel arbitration which arises solely under § 4 of the Federal Arbitration Act. Federal jurisdiction did not vest over this action based on the federal character of the underlying claims of federal securities law violations. Prudential did not allege diversity of citizenship. Thus, the district court did not have jurisdiction over this action. Accordingly, we vacate the order of the district court compelling arbitration and the accompanying injunction and dismiss this action for want of jurisdiction.

DISMISSED.