

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-1994

# Virgin Isl. Housing Auth. v. Coastal Gen'l Constr. Svcs Corp., et al.

Precedential or Non-Precedential:

Docket 93-7819

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

## Recommended Citation

"Virgin Isl. Housing Auth. v. Coastal Gen'l Constr. Svcs Corp., et al." (1994). *1994 Decisions.* Paper 60.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/60

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 93-7819

VIRGIN ISLANDS HOUSING AUTHORITY;
AMERICAN ARBITRATION ASSOCIATION,
Virgin Islands Housing Authority, Appellee

v.

COASTAL GENERAL CONSTRUCTION SERVICES CORPORATION;
CHARLEY'S TRUCKING,
Coastal General Construction
Services Corporation, Appellant


COASTAL GENERAL CONSTRUCTION SERVICES
CORPORATION,
Appellant
v.

AMERICAN ARBITRATION ASSOCIATION;
VIRGIN ISLANDS HOUSING AUTHORITY,
Virgin Islands Housing Authority, Appellee


APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
(D.C. Civ. Nos. 93-00039 & 93-00042)[1]


Argued April 22, 1994

Before:  STAPLETON, ALITO, and WEIS, Circuit Judges

Filed June 24, 1994


Peter Goetz, Esquire (ARGUED)
William B. Flynn, Esquire

---

[1]This Court's order entered April 5, 1994 amending the caption on motion of the Virgin Islands Housing Authority is vacated as improvidently granted.  The district court's order that was appealed and the notice of appeal by Coastal General Construction Services Corporation include the captions of both cases.

1

Goetz, Fitzpatrick & Flynn
One Pennsylvania Plaza, Suite 4401
New York, New York  10119-0196

Matthew J. Duensing, Esquire
D'Amour Jones Stryker & Duensing
Upper Level Drake's Passage
Charlotte Amalie, St. Thomas
USA  Virgin Islands  00804

Attorneys for Appellant, Coastal General Construction Services
Corporation

Christopher M. Kise, Esquire (ARGUED)
Edward C. Adkins, Esquire
Adkins & Kise, P.A.
2175 Barnett Plaza
101 East Kennedy Boulevard
Tampa, Florida  33602

Vincent F. Frazer, Esquire
Law Offices of Frazer & Williams
#9 Contant-Soto Plaza
Charlotte Amalie, St. Thomas
USA  Virgin Islands  00803

Attorneys for Appellee, Virgin Islands Housing Authority

———————————

OPINION OF THE COURT

———————————


WEIS, Circuit Judge.

In this appeal, we hold that in the Virgin Islands, unless an independent basis for federal jurisdiction exists, a suit to confirm or vacate an arbitrator's award pursuant to the Federal Arbitration Act must be brought in the Territorial Court, not in the District Court of the Virgin Islands. We also decide that an arbitrated dispute that is based on the breach of a construction contract growing out of a territorial housing

project financed by federal funds does not establish federal question jurisdiction. Accordingly, we will reverse an order of the district court vacating an arbitrator's award.

Plaintiff Virgin Islands Housing Authority entered into a contract with defendant Coastal General Construction Services Corp. for renovation of the Donoe Housing Project on St. Thomas. Funding for the project was supplied by a program that receives part of its funding from the United States Department of Housing and Urban Development (HUD) under the Comprehensive Improvement Assistance Program, 42 U.S.C. 1437l (Supp. 1993).

The contract was executed on September 29, 1988, but no notice to proceed was issued. The Housing Authority terminated the contract on June 6, 1989, as permitted by the terms of the agreement. Contending that it was entitled to compensation for the work it had performed before the termination, Coastal submitted the matter for a hearing before the American Arbitration Association as provided in the contract.

On February 5, 1992, Coastal presented its claim for termination damages in the amount of $1,114,799.40 (amended on October 5, 1992 to be $1,149,922). One day before the hearing scheduled for November 17, 1992, however, Coastal presented an amended claim in the amount of $2,343,933, almost double the amount it had previously requested. At the beginning of the hearing, the Housing Authority asked the arbitrator to either disallow the latest amended claim or continue the hearing to allow time for further evaluation of the amount claimed. The arbitrator did not postpone the hearing, and in its final written

3

argument to the arbitrator, the Housing Authority asserted that consideration of the amended claim was unfair and prejudicial.

After final submissions by the parties, the arbitrator awarded Coastal $1,262,049.  The Housing Authority filed suit in the Territorial Court seeking to vacate the arbitration award because of Coastal's alleged fraud in inflating its claim.  Coastal then removed the case to the District Court of the Virgin Islands, and filed a separate action in that forum seeking confirmation of the award.  The two cases were consolidated by an order that was originally limited to discovery.  However, the court and the parties treated the consolidation as applicable generally.

The District Court determined that it had federal question jurisdiction and denied the Housing Authority's motion for remand.  In a subsequent memorandum, the court found that Coastal's last-minute submission of an amended claim with its accompanying documentation presented sufficient cause for postponement and concluded that the arbitrator had improvidently closed the hearing.  Based on evidence that some of the expenses claimed by Coastal might have been inflated or completely false, the district court reasoned that the Housing Authority may have been prejudiced, vacated the award and "remanded for completion of the agreed upon arbitration."  Coastal has appealed.

I.

The first question confronting us is whether the District Court's order is appealable.  We resolve this issue by reference to the statutory provisions of the Federal Arbitration

4

Act, 9 U.S.C. § 1, et seq. Section 16(a)(1) of the Act authorizes an immediate appeal from an order that (A) refuses a stay of an action under 9 U.S.C. § 3; (B) denies a petition to order arbitration to proceed; (C) refuses to compel arbitration; (D) confirms or denies confirmation of an award; or (E) modifies, corrects, or vacates an order. Id. § 16(a)(1). On the other hand, section 16(b) of the Act prohibits an appeal from interlocutory orders directing or permitting arbitration to proceed.

If the District Court had simply vacated the award in this case, the order would be clearly appealable under subsection 16(a)(1)(E), but the additional direction for a remand has clouded the issue. The appealability of such an order was discussed by the United States Court of Appeals for the Fifth Circuit in Atlantic Aviation, Inc. v. EBM Group, Inc., 11 F.3d 1276, 1280 (5th Cir. 1994). That Court observed that the Federal Arbitration Act "does not distinguish between orders vacating arbitration awards without directing a rehearing and those orders which vacate awards and direct a rehearing of the arbitration dispute; both are appealable." Id.

Forsythe Int'l, S.A. v. Gibbs Oil Co. of Texas, 915 F.2d 1017 (5th Cir. 1990), presented a similar issue. In that case, the district court found that the misrepresentation by one of the parties and the failure of the arbitrators to take any corrective action required that the award be vacated and the matter remanded to a new panel of arbitrators. The Court of Appeals concluded that the order was appealable because otherwise

5

the parties could never determine whether the district court had complied with the narrow statutory limits governing vacatur. Id. at 1020. The Court stated in a footnote, however, that if the district court had simply remanded the case to the original arbitration panel for clarification of its award, "the policies disfavoring partial resolution by arbitration would preclude appellate intrusion until the arbitration was complete." Id. at 1020 n.1.

In the case before us, the District Court's order does not specify whether it is the original arbitrator who is to conduct the hearing on remand. Even if that is the implication, however, we do not believe that the order is an interlocutory one within the scope of 9 U.S.C. § 16(b). Here, the District Court did not simply request clarification, but instead directed a re-evaluation of the entire controversy based on the Housing Authority's allegations that Coastal's claim for reimbursement was submitted with fraudulent documentation.

We are not convinced by the dictum in Forsythe that appealability in situations of this nature should be determined by whether the remand is to the original or a new arbitrator. Rather, the distinction is whether the additional hearing is ordered merely for purposes of clarification -- an order that would not be appealable -- or whether the remand constitutes a re-opening that would begin the arbitration all over again. Here, the vacation and remand order is essentially no different from that of the district courts in Atlantic Aviation and Forsythe where the Court of Appeals held that the orders were appealable.

6

We therefore follow the rulings in those cases and hold that we do have jurisdiction to entertain this appeal.

II.

Having found that the order is appealable, the next question is whether the District Court or the Territorial Court had jurisdiction over the Housing Authority's petition to vacate the arbitration award and Coastal's request for confirmation.

In Brow v. Farrelly, 994 F.2d 1027, 1032-34 (3d Cir. 1993), we discussed the division of jurisdiction between the District Court of the Virgin Islands and the Territorial Court. The opinion reviewed the history of the two courts as well as the congressional and local legislative enactments that resulted in the allocation of various forms of civil litigation between the two forums. Id.

In brief, the Territorial Court has original jurisdiction over all local civil actions. Id. at 1034; see 48 U.S.C. § 1612(b); V.I. Code tit. 4, § 76(a). The District Court of the Virgin Islands has exclusive jurisdiction equivalent to United States District Courts over such fields as admiralty, bankruptcy, patent, copyright and trademark, and other matters not relevant here. Brow, 994 F.2d at 1034 (citing 48 U.S.C. § 1612(a)). The Territorial Court and the District Court have concurrent jurisdiction over federal question and diversity cases. Id.

Because complete diversity of citizenship does not exist between the parties in this case, the jurisdiction of the

7

District Court cannot rest on that ground.[2]  Nor does this case involve those matters that would come within the exclusive jurisdiction of the District Court.  That leaves for determination whether a federal question exists here to give the District Court jurisdiction.

28 U.S.C. § 1331(a) gives district courts jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  The Supreme Court has explained that section 1331(a) authorizes the courts to hear either originally or by removal "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also 13B Charles A. Wright et al., Federal Practice and Procedure § 3562, at 46 (1984).

Removal jurisdiction exists only if the case could have been brought in the federal court under its original

_____

[2]Coastal's complaint in the District Court named the American Arbitration Association and the Housing Authority as defendants. Because diversity of citizenship existed between Coastal and the Arbitration Association, Coastal asserted that the District Court had supplemental jurisdiction over the Housing Authority under 28 U.S.C. § 1367.  That contention was an erroneous interpretation of section 1367 because that statute does not affect the traditional rule of complete diversity.  Even though Coastal chose the wrong route in its complaint, the District Court properly considered whether the suit raises a federal question to support jurisdiction on grounds other than diversity.  See Boarhead Corp. v. Erickson, 923 F.2d 1011, 1018 (3d Cir. 1991); see also 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1210, at 121 (1990).

8

jurisdiction. Franchise Tax Bd., 463 U.S. at 10. Moreover, the fact that a defense based on federal law will be raised does not create jurisdiction in the federal courts unless the case falls within that small category where the governing federal statute preempts the field and was clearly intended to support removal jurisdiction. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987). That circumstance is not present here.

Federal and state courts have concurrent jurisdiction to enforce the provisions of the Arbitration Act. In Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983), the Supreme Court observed that the "Arbitration Act is something of an anomaly" in federal court jurisdiction. The statute creates federal substantive law regulating an agreement to arbitrate, but "it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." Id. As we noted in Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 153 n.8 (3d Cir. 1993), the Arbitration Act does not supply federal jurisdiction where it does not otherwise exist.

The Arbitration Act thus does not answer the jurisdictional issue in the case at hand. In Prudential-Bache Sec., Inc. v. Fitch, 966 F.2d 981 (5th Cir. 1992), a brokerage firm filed suit in federal court to compel arbitration of a dispute with its customer. The underlying controversy arose over contentions that the brokerage firm had violated federal securities laws. However, because the complaint did not include any reference to a federal statute other than the Arbitration

9

Act, the Court of Appeals followed the well-pleaded complaint rule and held that no federal question jurisdiction existed. Id. at 988-89. Prudential-Bache thus emphasizes that not only must federal jurisdiction exist aside from the Arbitration Act, but the independent basis must appear on the face of the complaint.

The record in the case at hand establishes that neither of the complaints filed by the Housing Authority and Coastal contain allegations sufficient under the well-pleaded complaint rule to support a finding of a substantial federal question. On that basis alone, the District Court lacked jurisdiction.

Even if it were permissible to look beyond the complaint to the substance of the arbitrated dispute between the parties, we would still conclude that no federal question is present here. The District Court concluded that it had jurisdiction based on four factors: (1) enforcing or vacating the award implicates contractual obligations between HUD and the Housing Authority "with respect to the use of federal funds earmarked for the construction projects at issue in which funds Coastal has an interest"; (2) resolution of the dispute requires construction of HUD requirements for the termination of a contract and a federal interest exists in maintaining the uniform interpretation of federal contractual provisions; (3) the Housing Authority's allegations that Coastal had submitted fraudulent documentation with its claim required an interpretation of the Arbitration Act; and (4) judicial economy would be best served by not remanding because any appeal from the Territorial Court would be to the District Court.

10

The last factor, judicial economy -- unfortunately as this case demonstrates -- cannot be a factor in determining the jurisdiction of federal courts. The allocation of judicial business to the courts is a matter of constitutional and legislative mandates that must be honored by the courts regardless of considerations of efficiency.

Nor does the Housing Authority's claim that fraud occurred in the arbitration process confer jurisdiction on the District Court. The Arbitration Act provides that a court may vacate an award that has been procured by fraud or where the arbitrator was guilty of misconduct in refusing a postponement of the hearing. 9 U.S.C. § 10(a)(1), (3). Nevertheless, as noted earlier, the Supreme Court made plain in Moses H. Cone Memorial Hosp. that the Arbitration Act alone cannot serve as a basis for finding federal jurisdiction. "[T]he substantive law the Act created [is] applicable in state and federal courts," Southland Corp. v. Keating, 465 U.S. 1, 12 (1984), but the Act does not supply independent federal question jurisdiction. Id. at 15 n.9.

The possibility, therefore, that the court would be required to interpret the fraud provisions the Arbitration Act does not meet federal question standards; another independent basis of jurisdiction must exist. As the Southland Court noted, "a party may assert general contract defenses such as fraud to avoid enforcement of an arbitration agreement." Id. at 16 n.11. That, however, like other general contract defenses does not establish federal jurisdiction under the Arbitration Act.

11

We come, then, to the other two factors cited by the district court, namely that enforcing or vacating the award not only implicates contractual obligations between HUD and the Housing Authority with respect to the use of federal funds, but also that a resolution of the dispute requires an interpretation of HUD requirements for termination of a contract. In this connection, the court noted the federal interest in maintaining a uniform interpretation of federal contract provisions.

We may assume, albeit hesitantly, that resolution of the dispute between Coastal and the Housing Authority would implicate these factors. That assumption, however, does not supply the necessary independent basis for jurisdiction. Preliminarily, we note that the interest in uniformity in construction of federal contractual provisions is not enough to pose federal question issues. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 815-16 (1986).

As we said in Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974), an action under 28 U.S.C. § 1331(a) arises only if the complaint seeks a remedy expressly granted by federal law or if the action requires construction of a federal statute, or at least a distinctive policy of a federal statute requires the application of federal legal principles. "[T]he fact that a contract is subject to federal regulation does not, in itself, demonstrate that Congress meant that all aspects of its performance or nonperformance are to be governed by federal law rather than by the state law applicable to similar contracts in businesses not under federal regulation." Id.

12

In Lindy, the dispute between the parties was focused on the correct interpretation and effect of contractual documents normally determined by state law.  We concluded that "[t]he fact that these documents were subject to the regulations of [a federal agency] is not significant . . . ."  Id.

The Court of Appeals in West 14th St. Commercial Corp. v. 5 W. 14th Owners Corp., 815 F.2d 188, 192 (2d Cir. 1987), outlined the two tests to be applied when reviewing federal question jurisdiction.  First, the question is whether federal law creates the cause of action.  If not, the second inquiry is whether the complaint poses a substantial federal question.  The Supreme Court has cautioned that "`the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.'"  Id. at 193 (quoting Merrell Dow, 478 U.S. at 813).  The nature of the federal interest at stake is determinative of whether it is sufficiently substantial to displace state law.  Id.

In Weeks Constr., Inc. v. Oglala Sioux Housing Auth., 797 F.2d 668 (8th Cir. 1986), HUD provided funds for construction of housing units by a Housing Authority for an Indian tribe.  A contractor sued the Housing Authority and asserted federal question jurisdiction.  The Court of Appeals rejected that assertion, holding that the contractor's claims were based on its agreement with the Housing Authority -- an interpretation of which was governed by local, not federal, law.  Id. at 672. "[The contractor's] action for money damages may have a connection with activities undertaken as part of functions authorized by federal

13

law, but did not itself arise under federal law and requires only the interpretation and application of contract principles under local law." Id. at 675 n.8; see also Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1385-86 (9th Cir. 1988) (In suit for breach of lease, fact that it was entered into under authority conferred by federal statute did not support federal question jurisdiction).

Even if Coastal's complaint contained assertions respecting the use of federal funds in the construction project and the adoption of contractual forms authorized by HUD, federal question jurisdiction would still not be established. Essentially, the dispute between the parties is whether the Housing Authority could terminate the contract without paying for the expenses that Coastal had incurred up to that point. This dispute is thus governed by local, not federal, law.

The contract explicitly states that HUD is not a party to the agreement in this case. Moreover, the agency understandably declined to participate in the arbitration proceedings. Coastal does not seek money from HUD, but from the Housing Authority. Nor has Coastal cited any HUD regulation or any statutory provision that would substantially affect the disposition of the claim against the Housing Authority. In these circumstances, federal question jurisdiction would not exist even in the absence of the well-pleaded complaint rule.

We conclude, therefore, that the Territorial Court has exclusive jurisdiction over the complaint filed by the Housing Authority and that removal to the District Court was improper.

14

Thus, the suit must be remanded to the Territorial Court. Similarly, because the Territorial Court also has exclusive jurisdiction over the action filed by Coastal, the district court must either dismiss that action or it may, "in the interest of justice," transfer the suit to the Territorial Court pursuant to the authority conferred in V.I. Code tit. 4, § 32(b). See Brow, 994 F.2d at 1037 n.10.

One final matter remains for determination. The Housing Authority has requested that we impose sanctions against Coastal for its improvident removal of the litigation to the District Court. Coastal had relied primarily upon a theory of allocation of jurisdiction between the District and Territorial Courts that was not clarified until this Court issued its opinion in Brow. Because the removal took place before the date of that opinion, we conclude that Coastal had a colorable claim of jurisdiction at the time it began the removal action. In these circumstances, we do not believe that sanctions would be appropriate.

The judgment of the District Court will be vacated, and the cases will be remanded to the District Court with directions to remand the suit brought by the Housing Authority to the Territorial Court and to dismiss or transfer the complaint filed by Coastal in the District Court. Each party to bear its own costs.

15