CITIFINANCIAL, INC., f/k/a Commercial Credit Corporation, American Health and Life Insurance Company, Triton Insurance Company, and American Bankers Insurance Company of Florida, Plaintiffs,

v.

**Loubertha MURRAY, Defendant.**

**No. CIV.A.3:03 CV 964WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 29, 2004.

Walter D. Willson, Randy L. Dean, Jackson, Mississippi, for plaintiffs.

Roman A. Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, Montgomery, Alabama, for defendant.

## ORDER GRANTING SUMMARY JUDGMENT TO COMPEL ARBITRATION

WINGATE, Chief Judge.

Before the court are the following motions: (1) motion for summary judgment so as to compel arbitration by plaintiff American Bankers Insurance Company of Florida ("ABIC") [**docket # 4–1**]; (2) motion for stay of underlying action by ABIC [**docket # 4–2**]; and (3) motion to dismiss for lack of subject-matter jurisdiction by defendant Loubertha Murray ("Murray") [**docket # 5–1**]. For reasons explained, *infra*, the court grants ABIC's motions for summary judgment and for stay of the underlying action and denies Murray's motion. Thus, in accordance with the parties' loan agreement, Murray is hereby compelled to arbitrate all disputes she might have with the plaintiffs.

Pursuant to Rule 56(a) and (c) of the Federal Rules of Civil Procedure,[1] ABIC asks this court to grant its motion for summary judgment. Summary judgment is mandated in any case where the non-moving party fails to establish the existence of an element essential to the case and on which the non-moving party has

---

1. Federal Rule of Civil Procedure 56(a) reads as follows:

   A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

   Federal Rule of Civil Procedure 56(c) reads as follows:

   The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### Pertinent Facts and Procedural Posture

Murray entered into loan transactions with CitiFinancial and insurance transactions with ABIC, American Health and Life Insurance Company ("American Health"), and/or Triton Insurance Company ("Triton").[2] In executing a disclosure statement, promissory note, and security agreement (collectively, the "Agreement"), Murray signed an arbitration provision that reads in pertinent part:

*ARBITRATION PROVISION:*

**READ THE FOLLOWING ARBITRATION PROVISION CAREFULLY. IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO OBTAIN REDRESS THROUGH COURT ACTION.**

In consideration of Lender making the extension of credit described above and other good and valuable considerations, the receipt and sufficiency of which is acknowledged by both parties, it is further agreed as follows:

. . . .

"We" or "Us" means Lender, any assignee, together with their respective corporate parents, subsidiaries, affiliates, predecessors, assignees, successors, employees, agents, directors, and officers (whether acting in their corporate or individual capacity).

. . . .

"Claim" means any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us. A Claim includes, without limitation, anything that concerns:

● This Provision;

● Any past, present, or future Credit Transaction;

● Any past, present, or future insurance, service, or product that is offered in connection with a Credit Transaction;

● Any documents or instruments that contain information about any Credit Transaction, insurance, service, or product; or

● Any act or omission by any of Us regarding any claim.

**Agreement to Arbitrate Claims.** Upon written request by either party that is submitted according to the applicable rules for arbitration, any Claim, except those specified below in this Provision, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act; (ii) the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association ("Administrator"); and (iii) this Provision, unless we both agree in writing to forgo arbitration. The terms of this Provision shall control any inconsistency between the rules of the Administrator and this Provision. You may obtain a copy of the arbitration rules by calling (800) 778-7879. Any party to this Provision may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claims pending arbitration, in any court having jurisdiction. Such motion may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment.

Examples of Claims that are governed by this Agreement include those involving:

● The Truth in Lending Act and Regulation Z;

● The Equal Credit Opportunity Act and Regulation B;

---

2. All of the plaintiffs in this cause are collectively referred to as "plaintiffs."

- State Insurance, usury, and lending laws; fraud or misrepresentation, including claims for failing to disclose material facts;
- Any other federal or state consumer protection statute or regulation;
- Any party's execution of this Provision and/or willingness to be bound by its terms and provisions; or
- Any dispute about closing, servicing, collecting, or enforcing a Credit Transaction.

**Special Acknowledgments.**

**You understand and acknowledge by signing Your name to this Provision that: (i) a court and/or jury will *not* hear or decide any Claim governed by this Provision, (ii) the funding for Your Credit Transaction will come in whole or in part from sources outside this state, which will constitute interstate commerce within the meaning of the United States Arbitration Act, 9 U.S.C. §§ 1–9, (iii) discovery in an arbitration proceeding can be much more limited that in a court proceeding, (iv) the arbitrator may not give written reasons for his/her award, (v) rights to appeal an arbitration award are very limited, and (vi) the rights of the parties hereunder may not be exactly mutual in all respects.**

**READ THE ABOVE ARBITRATION PROVISION CAREFULLY. IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO OBTAIN REDRESS THROUGH COURT ACTION.**

As shown above, the Agreement contains an arbitration clause that requires the parties to submit any claims they might have against one another to arbitration. Notwithstanding this Agreement and arbitration clause contained therein, Murray filed an action in the Circuit Court of Bolivar County, Mississippi, on November 12, 2002. In her state action, Murray sues plaintiffs for breach of fiduciary duties, breach of implied covenants of good faith and fair dealing, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, civil conspiracy, and negligence.

Plaintiffs now have submitted a complaint and petition to this court, filed August 8, 2003, pursuant to the Federal Arbitration Act, Title 9 U.S.C. §§ 1 *et seq.* ("the FAA"), seeking an order compelling arbitration. After Murray submitted a response to the petition, plaintiff ABIC then filed the present motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on its petition. Thereafter, Murray filed a motion to dismiss for lack of subject-matter jurisdiction.

Plaintiffs allege that this court has subject matter jurisdiction by way of diversity of citizenship, Title 28 U.S.C. § 1332.[3] Plaintiff CitiFinancial Corporation, LLC, is a Delaware corporation with its principal place of business there. Plaintiff CitiFinancial, Inc. is a Maryland corporation with its principal place of business there. Plaintiffs American Health and Triton are each Texas corporations with their principal places of business there; and plaintiff ABIC is a Florida corporation with its principal place of business there. Murray, as defendant, is an adult resident citizen of Mississippi. Thus, complete diversity ex-

---

**3.** Title 28 U.S.C. § 1332(a)(1) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

ists between the parties, thereby satisfying the mandate of *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

Whether the amount-in-controversy requirement of § 1332 is met is at issue and is the subject of Murray's motion to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[4] On the face of the complaint in the underlying action, Murray seeks $74,999.00 in damages. Murray contends, therefore, that plaintiffs' complaint for arbitration here fails to satisfy the amount-in-controversy requirement. Yet, Murray submitted to plaintiffs a settlement offer on May 22, 2003, of $100,000.00, plus the elimination of any debt Murray might owe plaintiffs. Plaintiffs contend that this settlement offer constitutes Murray's having met this court's jurisdictional minimum of a value exceeding $75,000.00, exclusive of interest and costs.

■ The court is persuaded by plaintiffs' contention that this action meets the amount-in-controversy requirement. This court is bound to look at the complaint in the underlying action, coupled with other evidence to determine whether the amount in controversy has been satisfied in this case. *Webb v. Investacorp., Inc.,* 89 F.3d 252, 256 (5th Cir.1996). In particular, this type of claim could exceed $75,000.00, as the above-referenced settlement letter demonstrates, despite Murray's insistence to the contrary. Murray's settlement letter is more than mere puffing and indicates that the amount-in-controversy requirement is satisfied. *See Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 761 (5th Cir.2000) (holding that diversity jurisdiction may be predicated upon a settle-

ment letter offering to settle a case for more than $75,000.00). Murray is incorrect insofar as she claims that her attorney's affidavit binds Murray to accept no more than $75,000.00. Accordingly, since the parties are diverse and the amount-in-controversy requirement has been satisfied, diversity of citizenship is apparent here as defined under § 1332. Murray's motion to dismiss for lack of subject-matter jurisdiction is therefore denied.

### *Relevant Law and Application*

■ The FAA provides that a written provision in a contract that evidences a transaction involving commerce, to settle by arbitration a controversy arising out of that contract, is valid, irrevocable, and enforceable. Moreover, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1984); *Mouton v. Metro. Life Ins. Co.,* 147 F.3d 453, 456 (5th Cir. 1998).

■ The court must find federal jurisdiction from a source other than the FAA. As the Supreme Court stated in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 26 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983),

> [t]he [Federal] Arbitration Act is something of an anomaly in the field of federal court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ...

4. Federal Rule of Civil Procedure 12(b)(1) reads in pertinent part: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense[ ] may at the option of the pleader be made by motion: ... lack of jurisdiction over the subject matter."

or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

Furthermore, the United States Court of Appeals for the Fifth Circuit has held that the jurisdiction for a petition to compel arbitration must be determined from the face of the petition. *Prudential–Bache Secs., Inc. v. Fitch,* 966 F.2d 981, 986 (5th Cir.1992). This court has determined already that the parties are diverse.

Recently, in *Shegog v. Union Planters Bank,* 332 F.Supp.2d 945, 947 (S.D.Miss. 2004), the Honorable Tom S. Lee reiterated the now familiar two-step inquiry applicable to petitions to compel arbitration under § 4 of the FAA.[5] That test requires the court first to " 'determine whether the parties agreed to arbitrate the dispute in question, [which] ... involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.' " *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257–58 (5th Cir.1996). "The second step is to determine 'whether legal constraints external to the parties' agreement foreclose the arbitration of those claims." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 628, 105 S.Ct. 3346, 3355, 87 L.Ed.2d 444 (1985)).

Here, the parties do not dispute that their Agreement contains the arbitration clause mentioned above. As to the first step in this portion of the court's analysis, the court finds not only that the parties' transaction involved "commerce," but also that the parties agreed to arbitrate Murray's claims. In support of its motion for summary judgment, plaintiff ABIC has submitted a copy of the Agreement with Murray, which she signed. Additionally, the dispute in question falls within the scope of the arbitration clause. The clause is unambiguous, broad enough to cover Murray's claims, and susceptible only to one interpretation: that the parties intended to settle, through arbitration, *all* of the claims that Murray has raised.

The court also finds that Murray's claims against all of the plaintiffs should be submitted to arbitration. The Fifth Circuit has stated that one "[w]ho is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in terms of the agreement." *Bridas S.A.P.I.C. v. Gov't of Turk.,* 345 F.3d 347 355 (5th Cir.2003). The Agreement signed by Murray clearly states that it applies to affiliate corporations. It also states that it applies to any parent corporations, subsidiary corporations, and sister corporations. Based on these facts, the court finds that all plaintiffs in this matter are bound by the arbitration provision under the Agreement.

Furthermore, plaintiff ABIC urges the court to stay the proceedings of the underlying action, which is currently pending in the United States District Court for the Northern District of Mississippi, bearing Civil Action No. 2:03–cv–285. The FAA specifically contemplates that parties, such as plaintiffs, that are aggrieved by another party's failure to arbitrate under a written

---

**5.** Title 9 U.S.C. § 4 provides in pertinent part that a district court must enter an order to arbitrate "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." If either of these points is in issue, § 4 provides that "the court shall proceed summarily" to a trial on that point. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23 n. 27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

agreement, may file a motion to stay the trial of an action until such arbitration has been had in accordance with the terms of the agreement.[6] Because this issues involved in the underlying action are within the ambit of the arbitration provision of the Agreement in the instant matter, this court hereby stays that proceeding pending completion of the arbitration of Murray's claims.

### *Conclusion*

Based upon the foregoing, this court finds that plaintiffs have satisfied the requirements of § 4 of the FAA and relevant case law as enunciated in *Shegog* and its predecessors. The court hereby grants plaintiff ABIC's motion for summary judgment, thereby compelling defendant Murray to arbitrate any disputes she might have with plaintiffs. Murray's motion to dismiss for want of subject-matter jurisdiction is hereby denied. All matters in Civil Action No. 2:03–cv–285 in the Northern District of Mississippi pertaining to Murray's claim are hereby stayed. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

### *FINAL JUDGMENT*

This cause came before the court on the motion of plaintiff American Bankers Insurance Company of Florida for summary judgment so as to compel arbitration. After consideration of the motion, evidence offered in support of the motion, and the memoranda of the parties, the court finds that plaintiff American Bankers Insurance Company of Florida's motion is well taken

and should be granted. The Order Granting Summary Judgment of this court dated September 29, 2004, and the findings of fact and law included therein are incorporated by reference. For the reasons assigned in that opinion, the court concludes that judgment should be entered in favor of all plaintiffs and against the defendant and that the plaintiffs should be awarded their costs.

IT IS ORDERED AND ADJUDGED that the plaintiffs are entitled to recover their taxable costs in this action upon filing a Bill of Costs in the time and manner prescribed.

---

6. FAA, Title 9 U.S.C. § 3, provides as follows: If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.