# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2010

No. 09-50879

Lyle W. Cayce
Clerk

SMALLBIZPROS, INC., doing business as Padgett Business Services,

Plaintiff - Appellee

v.

FRANK MACDONALD,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:

This appeal arises from the district court's entry of a contempt order against Frank MacDonald (MacDonald) enforcing a settlement agreement with SmallBizPros, Inc. d/b/a Padgett Business Services (Padgett). MacDonald argues that the district court's jurisdiction ceased on August 7, 2009, upon the filing of a voluntary "Stipulation of Dismissal" (the Stipulation) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Padgett counters that because the Stipulation referenced and attached the terms of the settlement agreement, styled a "Stipulated Settlement Order" (the Order), and because the district court later signed the Order as requested by the parties, the district court retained ancillary jurisdiction to enforce the terms of the Order (i.e., the terms

No. 09-50879

of the settlement agreement). For the following reasons we vacate the contempt order and remand to the district court with instructions to dismiss for lack of jurisdiction.[1]

## BACKGROUND AND FACTS

Padgett sued MacDonald in district court over the termination of a franchise agreement. Immediately prior to a hearing scheduled for July 30, 2009, the parties orally agreed on settlement terms. The parties read the terms of their agreement into the record at the hearing. The district court asked that the parties reduce the terms to a writing to be signed by the judge. On August 7, 2009, the parties filed the Stipulation stating in full:

> Pursuant to Federal Rule of Civil Procedure 41(a)(1)[A](ii), Plaintiff SmallBizPros, Inc. d/b/a Padgett Business Services and Defendant Frank MacDonald stipulate to the dismissal of this case, with each party to bear its own costs. The parties have settled and compromised the matters in dispute in this action, and request that the Court sign and enter the attached Stipulated Settlement Order, which contains the terms and conditions of the parties['] settlement, as they were stated to the Court on the record on July 30, 2009.

Both parties signed the Stipulation but the court did not. Attached to the Stipulation was the settlement agreement, styled a "Stipulated Settlement Order," which recited verbatim the terms as read into the record. The terms of the Order did not expressly provide for the district court to retain jurisdiction to enforce the agreement. The Order contained a signature block but no "so ordered" or other operational language. The district court signed the Order on August 14, 2009.

---

[1] MacDonald has also appealed the denial of a Rule 60(b)(4) motion to set aside a second contempt order entered by the district court. *See* FED. R. CIV. P. 60(b)(4). Because there was no jurisdiction to enter any contempt order, we also reverse the district court's denial of the motion. We need not address MacDonald's motion to strike portions of Padgett's supplemental brief.

Shortly thereafter, MacDonald refused to comply with the terms of the Order related to returning certain documents and files to Padgett, and on September 28, 2009, the district court issued a contempt order against MacDonald, asserting that it retained jurisdiction to enforce the Order's terms. In the contempt order, the district court stated:

> [T]he parties specifically requested in their Stipulation of Dismissal that the Court sign and enter their attached Stipulated Settlement Order, which contained the terms of the settlement they agreed to in open court. The Court did so. The Stipulated Settlement Order is an order of the court enforceable pursuant to *Kokkonen*.

This appeal followed.

## DISCUSSION

### I.     Standard of Review

Issues of subject matter jurisdiction are questions of law and are reviewed de novo. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 327 (5th Cir. 2008). "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

### II.    Voluntary Dismissal Under Rule 41(a)(1)(A)(ii)

Rule 41(a)(1)(A)(ii) provides for the voluntary dismissal of actions by a plaintiff, stating that "the plaintiff may dismiss an action *without a court order* by filing . . . a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii) (emphasis added). "Except in special circumstances . . . a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court." *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004); *see Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995) ("According to [Rule 41(a)(i)(A)(ii)], such stipulations take effect when *filed* and do not require an

3

order of the court. Therefore, the district court's order approving the dismissal is of no consequence.") (emphasis in original and internal citation omitted).

According to the text of Rule 41(a)(1)(A)(ii) and our precedent, a district court's jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction, and "any further actions by the court [are] superfluous." *Meinecke*, 66 F.3d at 82 (quoting *United States v. Kellogg (In re W. Tex. Mktg. Corp.)*, 12 F.3d 497, 501 (5th Cir. 1994)) (changes in original).

## III.  *Kokkonen* and its Progeny

The Supreme Court provided its most thorough analysis of a district court's ancillary jurisdiction in *Kokkonen*.  Similar to this case, in *Kokkonen*

> the parties arrived at an oral agreement settling all claims and counterclaims, the substance of which they recited, on the record, before the District Judge in chambers. . . .  [Pursuant to Rule 41(a)(1)(A)(ii)], the parties executed a Stipulation and Order of Dismissal with Prejudice, dismissing the complaint and cross-complaint. . . .  [T]he District Judge signed the Stipulation and Order under the notation "It is so ordered."  The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed it did not so much as refer to the settlement agreement.  Thereafter the parties disagreed on petitioner's obligation to return certain files to respondent under the settlement agreement [and the district court entered an enforcement order over a jurisdictional objection].

511 U.S. at 376–77.  Unanimously, the Court held the district court did not have jurisdiction to enter any enforcement order.  *Id.* at 381–82.

The Court noted that ancillary jurisdiction properly exists where it enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees," *id.* at 380, but its analysis focused on the fact that the joint stipulation and order failed to expressly reserve jurisdiction in the district court.  It reasoned that "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis

No. 09-50879

for jurisdiction." *Id.* at 378. "The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381. "In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.*

The Court confirmed that "[i]f the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so," and gave particular guidance for Rule 41(a)(1)(A)(ii) voluntary dismissals:

> Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)[(A)](ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.

*Id.* at 381–82 (italics in original).

Our leading case in the *Kokkonen* line is *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424 (5th Cir. 2002). In *Hospitality House,* we considered the parties' settlement agreement and joint motion to dismiss and walked carefully through the *Kokkonen* instructions. *See id.* at 428–32. We found that the district court did not make the settlement agreement part of its order because the order both failed to include a separate provision expressly retaining jurisdiction and failed to incorporate or embody the terms of the settlement agreement directly into the order.[2] *Id.* at 430. Even assuming *arguendo* that the settlement agreement was

---

[2] The district court's order in *Hospitality House* read: "It is therefore ordered that [the case] be and said action is hereby dismissed without prejudice." *Hospitality House*, 298 F.3d at 428. In the motion to dismiss, the parties incorporated by reference the settlement agreement and attached the agreement as an exhibit. *Id.* The settlement agreement itself was never attached directly to the order. *Id.* at 430–31.

attached directly to the order, we found that "[a]t most, physical attachment of a settlement agreement to a dismissal order evinces the district judge's 'awareness and approval of the terms of the settlement agreement,' which 'do not suffice to make them part of his order.'" *Id.* at 431 (quoting *Kokkonen*, 511 U.S. at 381). We held that the district court lacked the ancillary jurisdiction necessary to enforce the settlement terms. *Id.* at 434.

## IV.    Reconciling Rule 41(a)(1)(A)(ii) and *Kokkonen*

Under Rule 41(a)(1)(A)(ii), it is clear that the parties to a case may enter into a settlement agreement, sign and file a stipulation of dismissal with the district court, and the dismissal will be effective upon filing notwithstanding any other action by the district court. Under *Kokkonen* and *Hospitality House*, it is also clear that a district court may incorporate or embody the terms of a settlement agreement in a dismissal order or expressly retain jurisdiction over a settlement agreement by clearly indicating such intent in a dismissal order. *See Kokkonen*, 511 U.S. at 381–82; *Hospitality House*, 298 F.3d at 431. In either case, all parties must agree to such jurisdiction.

Here we find that the timing of the Stipulation filing (August 7, 2009) and the precise language used in both the Stipulation and the attached Order (signed by the district court on August 14, 2009) fail to provide for ancillary jurisdiction.

Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action. Any dismissal order entered by a district court after the filing of a voluntary dismissal is "superfluous." *Meinecke*, 66 F.3d at 82. Therefore, to ensure that jurisdiction is retained so a district court has the power to enforce the terms of a settlement agreement, either (i) all of the requirements for retaining jurisdiction must be met at the time of filing, or (ii) the filing's effectiveness must

be contingent upon a future act (such as the district court issuing an order retaining jurisdiction).

Padgett and MacDonald signed and filed the Stipulation with the district court on August 7, 2009. The Stipulation would be effective immediately unless it was expressly contingent upon some future act. While the Stipulation stated that the parties "request that the Court sign and enter the attached Stipulated Settlement Order," the effectiveness of the Stipulation was not expressly contingent upon the district court's signature and entry of the Order because the precise language used did not provide for such conditional effectiveness. Rather, the Stipulation stated that the parties had already "settled and compromised the matters in dispute in this action," and failed to indicate that further action was *necessary* by either of the parties or the district court in order to make the Stipulation effective. If the parties intended to make the Stipulation's effectiveness contingent upon the district court's entry of a subsequent dismissal order, they should have used language that expressly manifested such intent. *See, e.g., AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 33 (1st Cir. 2005) (quoting *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990)) (noting that "[a]bsent *explicit conditions* to the contrary," proceedings prior to a Rule 41(a)(1)(A)(ii) voluntary dismissal became a nullity) (emphasis provided).[3] Because there is no contingent or conditional language, the Stipulation's effectiveness was immediate and the district court's signature on and entry of

---

[3] *AVX Corp.* presumes that a voluntary stipulation of dismissal can provide for certain conditions. *See* 424 F.3d at 33. We agree. There is no prohibition in Rule 41(a)(1)(A)(ii) against parties adding explicit conditions to their stipulation of dismissal, such as the express retention of jurisdiction in the district court through a subsequent order or other court action. Moreover, including such a condition to the stipulation of dismissal would not turn a voluntary dismissal by the parties into a dismissal pursuant to a "court order, on terms that the court considers proper" under Rule 41(a)(2), because the parties themselves would be voluntarily providing such condition and the district court would not be empowered by the stipulation to add new terms to the agreement. At worst, the district court would refuse to comply with the condition and, by its terms, the stipulation of dismissal would never become effective.

No. 09-50879

the Order on August 14, 2009 was superfluous. The district court's action of signing the Order can at most be interpreted as awareness and approval of the settlement terms. *See Hospitality House*, 298 F.3d at 431. The district court's intention to retain jurisdiction is immaterial because the parties dismissed the action without a court order—as is their prerogative—pursuant to Rule 41(a)(1)(A)(ii).

In addition to the parties timing the effectiveness of a stipulation of dismissal properly, under *Kokkonen* and *Hospitality House*, the terms of any district court dismissal order must expressly retain jurisdiction or must otherwise embody the terms of the agreement within the dismissal order so that any violation of the terms would also be a violation of the court's order. *See Kokkonen*, 511 U.S. at 381; *Hospitality House*, 298 F.3d at 431–32. Because neither the Stipulation nor the Order used explicit "retention of jurisdiction" language, it cannot be the basis for ancillary jurisdiction.[4] *See Kokkonen*, 511 U.S. at 381; *Hospitality House*, 298 F.3d at 432. Moreover, the Order as currently written is simply a copy of the settlement agreement, styled as an "Order" but with no operational effect (i.e., no "so ordered"-type language) and therefore is not a "dismissal order" as contemplated by *Kokkonen*. *See Kokkonen*, 511 U.S. at 381; *Hospitality House*, 298 F.3d at 432 (giving examples of other Circuits' interpretations of dismissal orders).

## CONCLUSION

Each of the parties and the district court likely intended for the district court to retain ancillary jurisdiction to enforce the terms of the settlement

---

[4] Because parties cannot confer jurisdiction by agreement where it otherwise would not lie, under *Kokkonen* and other jurisdictional principles, even if parties expressly provide for ancillary jurisdiction in the district court to enforce a settlement agreement, it is possible that a voluntary stipulation of dismissal signed by the parties but not "so ordered" by the district court could not alone be the basis for ancillary jurisdiction. As it is unnecessary in this case, we do not reach this question.

agreement, but jurisdiction is a strict master and inexact compliance is no compliance. The Stipulation effectively dismissed the case when it was filed on August 7, 2009 pursuant to Rule 41(a)(1)(A)(ii). It did not expressly provide for ancillary jurisdiction. It referenced and attached the terms of the settlement in a document styled an "Order," but did not make the dismissal expressly contingent upon the district court's signing the Order or upon any other act. Moreover, the "Order" was not a proper dismissal order. The parties could have filed a joint "stipulation and order of dismissal," expressly provided for ancillary jurisdiction or embodied the terms of the settlement in the order, and made the filing contingent upon the district court's entry of the order, but they chose not to do so. Because the district court lacked jurisdiction to enforce the terms of the settlement agreement, we hereby VACATE the contempt order and REMAND to the district court with instructions to dismiss for lack of jurisdiction.