# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2012

Lyle W. Cayce
Clerk

No. 09-30782

VOLVO TRUCKS NORTH AMERICA, INC.,

Plaintiff–Appellee,

v.

CRESCENT FORD TRUCK SALES, INC.,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Crescent Ford Truck Sales, Inc. (Crescent) appeals the district court's grant of summary judgment in favor of Volvo Trucks North America, Inc. (Volvo). The district court held that the contract between Crescent and Volvo compelled the parties to arbitrate their dispute. Because we conclude that the district court lacked subject matter jurisdiction, we vacate and remand to the district court with instructions to dismiss.

No. 09-30782

**I**

Crescent operated a Volvo dealership in Louisiana pursuant to a Dealer Sales and Services Agreement (Dealer Agreement) with Volvo. The Dealer Agreement provided the following regarding dispute resolution procedures: "The parties shall promptly seek, in good faith and in a spirit of cooperation, a rapid and equitable solution to any dispute, controversy, or claim between them arising out of, relating to, or concerning this Agreement." Additionally, the Dealer Agreement provided: "If the dispute has not been resolved by Negotiation . . . the matter shall be submitted to the American Arbitration Association . . . for mediation . . . ." Finally: "If Negotiation followed by mediation . . . fails to reach an equitable solution to the dispute . . . , then such dispute, controversy, or claim may be settled by final and binding arbitration administered by the AAA . . . . Once initiated, all parties shall cooperate with [the] AAA and each other to reach the final decision."

Near the end of the five-year term of the Dealer Agreement, Volvo issued a notice of non-renewal to Crescent. In response, Crescent filed a verified emergency petition with the Louisiana Motor Vehicle Commission (LMVC) in an attempt to prevent Volvo from terminating the Dealer Agreement. The basis for the petition was that Volvo had failed to properly allege just cause for termination as required under Louisiana state law governing the distribution and sale of motor vehicles.[1]    The LMVC issued an interlocutory cease and desist order against Volvo, "maintaining the status quo between [Crescent] and [Volvo] and preventing the non-renewal or expiration of the . . . Dealer Sales and Service Agreement . . . pending further proceedings before the [commission]." The order also prohibited Volvo from "canceling, non-renewing or permitting the expiration of" the Dealer Agreement pending further orders of the commission.

---

[1] *See* LA. REV. STAT. ANN. §§ 32:125-:1269.

No. 09-30782

Finally, the order set a hearing date for the determination of whether a permanent cease and desist order should be issued against Volvo and whether the Dealer Agreement should be renewed for an additional full franchise term of five years.

The parties proceeded to mediation as provided in the Dealer Agreement. Volvo subsequently filed a motion before the LMVC to compel binding arbitration, and the LMVC denied the motion. Volvo then filed a petition for review of the LMVC's decision denying arbitration with the 24th Judicial District Court for the Parish of Jefferson, and the LMVC stayed the Dealer Agreement termination proceeding pending the outcome of Volvo's petition for review.

Volvo subsequently filed a complaint in the United States District Court for the Eastern District of Louisiana seeking an order compelling binding arbitration between the parties and an order enjoining Crescent and the LMVC from setting the state case for trial on the merits prior to a final decision in the district court regarding the right to arbitration. Volvo's petition to compel arbitration was based on § 4 of the Federal Arbitration Act (FAA).[2] Volvo also sought a declaratory judgment that various provisions of the Automobile Dealer's Day in Court Act (ADDCA)[3] were applicable to the rights of the parties with respect to the contract.

Crescent filed a motion to dismiss, which was granted in part and denied in part. In ruling on Crescent's motion to dismiss, the district court addressed Volvo's alleged bases for subject matter jurisdiction. The court correctly concluded that it lacked diversity jurisdiction because both Crescent and Volvo are Delaware corporations. Relying on this court's holding in *Prudential-Bache*

---

[2] 9 U.S.C. § 4.

[3] 15 U.S.C. §§ 1221 et seq.

No. 09-30782

*Securities, Inc. v. Fitch*,[4] the court rejected Volvo's claim that there was federal jurisdiction stemming from the FAA itself.  The FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.[5]

The court noted that *Prudential-Bache* held "that jurisdiction for a petition to compel arbitration must be determined from the face of the petition to compel arbitration itself and not the underlying dispute between the parties," and the court read that holding to require the court to "look to the remaining claims in [the] complaint to determine if there is an independent basis for federal jurisdiction."  In this case, the remaining claims were the declaratory relief sought under the ADDCA.[6]

The court found no independent basis for federal jurisdiction of Volvo's claims for declaratory relief under 15 U.S.C. §§ 1221, 1222, and 1225, reasoning that Volvo was requesting the court to rule on the merits of its contention that it had acted in "good faith" within the meaning of the ADDCA and had a legitimate right to terminate the Dealer Agreement.  The district court held that these issues were a matter for the arbitrator to decide and did not concern the question of whether the arbitration agreement was enforceable.  The court did, however, find an independent basis for federal jurisdiction based upon the relief sought under 15 U.S.C. § 1226, which states that arbitration may be used to resolve a controversy arising out of a motor vehicle franchise contract "only if

---

[4] 966 F.2d 981 (5th Cir. 1992).

[5] 9 U.S.C. § 4.

[6] 15 U.S.C. §§ 1221-1226.

after such controversy arises all parties to such controversy consent in writing to use arbitration to settle such controversy."[7] Because § 1226 is only applicable "to contracts entered into, amended, altered, modified, renewed, or extended" after November 2, 2002,[8] the court determined that Volvo was "essentially seeking a declaration that § 1226 was not applicable to the Dealer Agreement because the Dealer Agreement was not modified after 2002." Unlike the dismissed claims, the court determined that this concerned the enforceability of the arbitration provision, not the underlying merits, and was thus properly before the court. The district court reasoned that this claim permitted the exercise of jurisdiction over the petition to compel arbitration based on *Prudential-Bache* because "the face of [the complaint] to compel arbitration [sought] relief which requires an interpretation of federal law."

Subsequently, both Crescent and Volvo filed motions for summary judgment on the arbitration issue. The district court held that the plain language of the Dealership Agreement compelled the parties to arbitrate their dispute once either party initiated arbitration and granted summary judgment in favor of Volvo. The district court denied Crescent's motion for a new trial, and Crescent now appeals.

## II

Crescent asserts that the district court lacked subject matter jurisdiction because the underlying dispute arises solely under state law. "Issues of subject matter jurisdiction are questions of law and are reviewed de novo."[9] A lack of subject matter jurisdiction may be raised at any time and may be examined for

---

[7] 15 U.S.C. § 1226(a)(2).

[8] *Id.* § 1226(b).

[9] *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010).

the first time on appeal.[10] The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction.[11]

In *Vaden v. Discover Bank*,[12] which was decided after the district court's ruling on Crescent's motion to dismiss, the Supreme Court explained the nature of the FAA:

> Congress enacted the FAA "[t]o overcome judicial resistance to arbitration," and to declare "'a national policy favoring arbitration' of claims that parties contract to settle in that manner." To that end, § 2 provides that arbitration agreements in contracts "involving commerce" are "valid, irrevocable, and enforceable." Section 4 . . . provides for United States district court enforcement of arbitration agreements. Petitions to compel arbitration, § 4 states, may be brought before "any United States district court which, save for such agreement, would have jurisdiction under title 28 . . . of the subject matter of a suit arising out of the controversy between the parties." . . . "As for jurisdiction over controversies touching arbitration," however, the Act is "something of an anomaly" in the realm of federal legislation: It "bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis" over the parties' dispute.[13]

In *Vaden*, the Supreme Court addressed the manner in which a district court is to determine if it has subject matter jurisdiction over a petition to compel arbitration in accordance with § 4 of the FAA. With regard to the determination of whether a § 4 petition is predicated on an action arising under federal law, the Court approved of a "look through" approach,[14] which differed

---

[10] *McCloy v. Silverthorne* (*In re McCloy*), 296 F.3d 370, 373 (5th Cir. 2002).

[11] *SmallBizPros*, 618 F.3d at 461.

[12] 556 U.S. 49, 129 S. Ct. 1262 (2009).

[13] *Id.* at 1271 (internal citations omitted) (alterations in original).

[14] *Id.* at 1273.

from the approach adopted in *Prudential-Bache*.[15] "A federal court may 'look through' a § 4 petition and order arbitration if, 'save for [the arbitration] agreement,' the court would have jurisdiction over 'the [substantive] controversy between the parties.'"[16] "[T]he district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it."[17] In doing so, the district court must look to the "actual 'controversy between the parties,' *as they have framed it*."[18] "Whether one might imagine a federal-question suit involving the parties' disagreement . . . is beside the point. The relevant question is whether the whole controversy between the parties—not just a piece broken off from that controversy—is one over which the federal courts would have jurisdiction."[19]

The Court emphasized that § 4 must be read "in light of the well-pleaded complaint rule and the corollary rule that federal jurisdiction cannot be invoked on the basis of a defense or counterclaim."[20] "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"[21]

Based on the facts in *Vaden*, the Court held that "the whole 'controversy

---

[15] *See Prudential-Bache Sec., Inc. v. Fitch*, 966 F.2d 981, 988 (5th Cir. 1992) (holding that jurisdiction for a petition to compel arbitration must be determined from the face of the petition).

[16] *Vaden*, 129 S. Ct. at 1268 (alterations in original).

[17] *Id.* at 1273.

[18] *Id.* at 1275 (emphasis added).

[19] *Id.* at 1276.

[20] *Id.* at 1278.

[21] *Id.* at 1272 (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

between the parties' [did] not qualify for federal-court adjudication."[22] The case involved a complaint filed in state court, presenting a claim arising solely under state law, which sought the recovery of past-due charges from a credit card holder.[23] The cardholder answered and counterclaimed, alleging that the bank's finance charges, interest, and late fees violated state law.[24] The bank, in turn, filed a petition to compel arbitration under § 4 of the FAA, maintaining that the district court had subject matter jurisdiction on the grounds that the state-law counterclaims were preempted by federal banking law.[25] The Supreme Court held "that the Court of Appeals misidentified the dimensions of 'the controversy between the parties'" by "seiz[ing] on . . . [the] counterclaims, [holding] them completely preempted, and on that basis affirm[ing] the District Court's order compelling arbitration."[26] According to the Court, "[g]iven [the] entirely state-based plea and the established rule that federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim, the whole 'controversy between the parties' [did] not qualify for federal-court adjudication."[27]

Applying the "look through" approach required by *Vaden*, we hold that the district court lacked subject matter jurisdiction to hear Volvo's petition to compel arbitration pursuant to § 4 of the FAA. In determining whether subject matter jurisdiction exists to hear a § 4 petition to compel arbitration, we must first "assume the absence of the arbitration agreement" and then determine if

---

[22] *Id.* at 1268.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

No. 09-30782

jurisdiction exists under Title 28 without it.[28]   Removing the arbitration agreement from the equation, the substantive controversy in this case—as the parties have framed it—concerns Volvo's right not to renew Crescent's Volvo franchise.  Crescent initiated the legal action in this case; following the receipt of Volvo's notice of non-renewal, Crescent filed a petition with the LMVC seeking to prevent the non-renewal based solely on provisions of Louisiana state law.  It was only in response that Volvo sought to compel arbitration by filing a motion before the LMVC, by seeking review in Louisiana state court of the LMVC's denial of that motion, and by seeking to compel arbitration pursuant to § 4 of the FAA by filing, in federal court, the complaint that underlies this appeal.

The initial petition filed by Crescent with the LMVC is a claim arising solely under state law.  Crescent's claim was that Volvo violated Louisiana state law by failing to allege properly just cause for termination of Crescent's franchise.  No authority exists under Title 28 for a federal court to assert jurisdiction over this state-law dispute between these non-diverse parties.  Because there is no basis for jurisdiction under Title 28 once we assume the absence of the arbitration agreement and "look through" to the substantive controversy as the parties have framed it, there is correspondingly no basis for a federal court to assert subject matter jurisdiction over the § 4 petition to compel arbitration.

## III

Our holding that the district court lacked subject matter jurisdiction to hear Volvo's petition to compel arbitration pursuant to § 4 of the FAA is unaffected by the fact that Volvo's complaint before the district court also sought declaratory relief concerning 15 U.S.C. §§ 1221-1226 because subject matter jurisdiction was also lacking as to that portion of the complaint.  Declaratory

---

[28] *See id.* at 1273.

relief is available in federal courts pursuant to the Declaratory Judgment Act.[29] However, as the Supreme Court explained in *Skelly Oil Co. v. Phillips Petroleum Co.*:[30]

> The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. . . . The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked. But the requirements of jurisdiction—the limited subject matters which alone Congress had authorized the District Courts to adjudicate—were not impliedly repealed or modified.[31]

In a declaratory judgment action, the court must determine if there would be grounds for federal jurisdiction over a hypothetical suit that would have been brought absent the availability of declaratory relief.[32] If the only ground for federal jurisdiction over such a suit is that the determination of the suit depends upon some question of a federal nature, "[t]he plaintiff's claim itself must present a federal question 'unaided by anything alleged in anticipation of avoidance of defenses.'"[33] "To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because . . . artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act."[34] As the Supreme Court explained thirty-three

---

[29] 28 U.S.C. § 2201.

[30] 339 U.S. 667 (1950).

[31] *Id.* at 671-72 (internal quotation and citation omitted).

[32] *See id.* at 672-74.

[33] *Id.* at 672 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

[34] *Id.* at 673-74.

No. 09-30782

years after this decision, "*Skelly Oil* has come to stand for the proposition that if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking."[35]

In count three of Volvo's complaint before the district court, Volvo asserted that it was entitled to a declaratory judgment that the ADDCA applied to the substantive issues of the case, identifying §§ 1221, 1222, 1225, and 1226. The district court dismissed the claims invoking §§ 1221, 1222, and 1225 as not being properly before the court because they pertained to the merits of the underlying dispute. The district court's determination that it did not have independent jurisdiction under §§ 1221, 1222, and 1225 was correct for another reason, however. Volvo never claimed that it had a cause of action against Crescent based on the ADDCA. Volvo alleged only that the "good faith" standard in the ADDCA should be imported into the state law controversy. Indeed, Volvo could not have brought suit against Crescent directly under the ADDCA regarding the dispute surrounding the Dealer Agreement. Section 1222 provides that "[a]n automobile dealer may bring suit against any automobile manufacturer" for "the failure of said automobile manufacturer . . . to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer."[36] Volvo is not an automobile dealer within the meaning of the ADDCA. The ADDCA does not authorize Volvo to initiate an action against Crescent in a situation such as the one before us. The ADDCA would permit Volvo, as a manufacturer, to "assert[] in defense of any such action [by an automobile dealer] the failure of the dealer

---

[35] *Franchise Tax Bd. of St. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 16 (1983) (internal quotation omitted).

[36] 15 U.S.C. § 1222.

to act in good faith."[37]    But Crescent has not brought suit under the ADDCA. Volvo could not invoke a district court's jurisdiction under § 1222 by bringing suit against Crescent.

The district court held that the relief Volvo sought under § 1226 was properly before it.  Section 1226 is a provision regarding the use of arbitration to resolve motor-vehicle-franchise-contract controversies, which is applicable only to contracts entered into, amended, modified, renewed, or extended after November 2, 2002.[38]  The district court held that, in seeking a declaration that § 1226 was not applicable to the Dealer Agreement, Volvo had raised an issue concerning the enforceability of the arbitration provision, making it a question of federal law properly before the court.

We disagree with the district court's determination that Volvo's request for a declaratory judgment concerning the applicability of 15 U.S.C. § 1226 was properly before the court.  Here, the applicability of § 1226 arises only as a defense or in anticipation of a defense.  Section 1226 provides that "arbitration may be used to settle [a controversy arising out of or relating to a motor vehicle franchise contract] only if after such controversy arises all parties . . . consent in writing to use arbitration."[39]  Volvo sought a declaration from the district court that § 1226 did not foreclose Volvo's right to enforce the arbitration provision of the Dealer Agreement.  Crescent had at some point in the various proceedings asserted that the Dealer Agreement had been amended after November 2, 2002, and that it had not agreed to arbitrate any dispute after that date.  It therefore argued that § 1226 foreclosed arbitration of disputes under the Dealer Agreement.  Section 1226, itself, is not the actual controversy between

---

[37] *Id.*

[38] 15 U.S.C. § 1226.

[39] 15 U.S.C. § 1226.

the parties.  The controversy began when Crescent commenced proceedings before the LMVC asserting state law claims.  The federal court action filed by Volvo for declaratory relief raised the applicability of the ADDCA as a defense to state law claims asserted in state administrative proceedings initiated by Crescent.  Volvo then asserted § 1226 in anticipation of Crescent's argument that the Dealer Agreement had been amended after November 2, 2002, and that therefore, Volvo was not entitled to compel arbitration.  This is insufficient to support federal-question jurisdiction, and the district court erred in holding that Volvo's request for a declaratory judgment as to the applicability of § 1226 was properly before the court.  Because the district court lacked jurisdiction to entertain Volvo's declaratory judgment action, the presence of this action in Volvo's complaint before the district court cannot alter our holding above that there was no subject matter jurisdiction to hear Volvo's petition to compel arbitration.

\*     \*     \*

For the foregoing reasons, the district court's grant of summary judgment is VACATED, and we REMAND with instructions to DISMISS the case without prejudice.