# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 14-51136
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2015

Lyle W. Cayce
Clerk

ROBERT L. MCCURDY; NANCY L. MCCURDY,

      Plaintiffs - Appellants

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; BANK OF AMERICA, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificate Holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE3; U.S. BANK, N.A., as Successor Trustee to Bank of America, N.A., as successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificate Holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE3, by Bank of America, N.A. as attorney in fact,

      Defendants - Appellees

———————

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 1:14-CV-486

———————

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

———————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51136

Plaintiffs appeal the district court's dismissal of their claim for declaratory relief which contended that the statute of limitations in Texas Civil Practice and Remedies Code § 16.035 rendered a prior foreclosure notice nugatory (the "§ 16.035 Claim"). Adopting the recommendations of the magistrate judge, the district court dismissed all of Plaintiffs' declaratory judgment claims, in part because "a request for declaratory relief is simply a remedy and not a free-standing claim." That principle is accurate, insofar as pleading for declaratory relief under state law through the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, does not confer federal question jurisdiction absent a well-pleaded federal claim.[1] But when a federal court possesses diversity jurisdiction, it may consider a state-law declaratory judgment claim, so long as that claim presents a justiciable controversy.[2]

Defendants pleaded diversity jurisdiction in the notice of removal; on its face, then, this case does not rest on the DJA as a basis for jurisdiction over the § 16.035 Claim. The district court never addressed whether it possessed diversity jurisdiction or the merits of the § 16.035 Claim. It also did not assess whether the § 16.035 Claim presents a justiciable controversy. From the record before us, we cannot assess these issues in the first instance. Thus, we conclude that these issues are best addressed in the first instance by the district court. Plaintiffs did not address the dismissal of their other claims, so we deem those matters abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–

---

[1] *See Volvo Trucks N. Am., Inc., v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 937–38 (5th Cir. 2012).

[2] *See generally Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–44 (1937); *cf. Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 & n.3, 756–57 (5th Cir. 1996); *Burney v. Citigroup Global Markets Realty Corp.*, 244 S.W.3d 900 (Tex. App.–Dallas 2008, no pet.); *Juliff Gardens, L.L.C. v. Texas Comm'n on Envtl. Quality*, 131 S.W.3d 271, 277 (Tex. App.–Austin 2004, no pet.).

No. 14-51136

25 (5th Cir. 1993); FED. R. APP. P. 28.

Accordingly, we VACATE the district court's dismissal of the § 16.035 Claim and REMAND that claim for proceedings not inconsistent with this opinion.  We AFFIRM the district court's dismissal of Plaintiffs' other claims.