HAYNES, Circuit Judge, concurring:
*361 I concur in the judgment of the court only because it faithfully applies our precedent as we are bound to do. I write separately, however, because our precedent at best is muddled, and at worst is simply wrong and illogical. I understand the basic underpinning of the original rule: we do not want parties to circumvent the rules that limit interlocutory appeals by "creating" finality where there is none. See Ryan v. Occidental Petroleum Corp. , 577 F.2d 298, 301-03 (5th Cir. 1978). The determination that a voluntary dismissal without prejudice is not "final" is itself suspect, though, given that, when a case is dismissed in full without prejudice, there is nothing left for the district court to do. Absent something else happening, like an appellate decision, a Rule 60(b) motion, or a new lawsuit, the district court will not see those parties in that case again. Cases dismissed with prejudice are no different: an appellate court may reverse, a party can file a Rule 60(b) motion, and a party can file the exact same lawsuit again (although it may be subject to a res judicata defense, the lawsuit can be refiled)-all instances where the case returns to the district court.
But we need not revisit Ryan and its progeny to correct the disturbing outcome here. Even assuming arguendo the validity of the precedent applied during the first appeal of this case (finding the dismissal was "not final"), see Williams v. Taylor-Seidenbach, Inc. , 748 F. App'x 584 (5th Cir. 2018) (per curiam) (" Williams I "), our precedent under the "finality trap" does not follow logically.
For one thing, to the extent that this inability to appeal is meant as a sanction for the "misconduct" of voluntarily dismissing without prejudice, we require much more (rightly so) for litigation-ending or "death penalty sanctions" in other contexts. See, e.g., Smith v. Legg , 24 F.3d 650, 654 (5th Cir. 1994). Nothing suggests such a sanction is appropriate here.
Furthermore, we have the core of the problem: either the district court decision is final, or it is not. If it was not final, then the district court's subsequent order granting Rule 54(b) relief should allow us to exercise appellate jurisdiction here. If it was final, then the panel in Williams I should have asserted jurisdiction. But somehow, applying the "finality trap," both are true, and neither is true: in this case, the exact same judgment is both final and not final. In the John Minor Wisdom Courthouse (housing the Fifth Circuit), this decision was "not final." But as the case traipses along the courtyard of fewer than 100 feet to the Hale Boggs Federal Building (housing this district court), it suddenly becomes final again. How does that make any sense?
New Orleans tourists often revel in the numerous ghost tours available throughout the city. But, as courts, we should not allow ghostly magic to transform a decision from not final to final and vice-versa merely because it crosses (virtually) a courtyard between a district court building and circuit court building.
Indeed, the very fact of a "trap" should "tip us off that [the finality trap] rests on a mistaken view" of the law. See Knick v. Township of Scott , --- U.S. ----, 139 S. Ct. 2162, 2167, 204 L.Ed.2d 558 (2019) (addressing "trap" created by rule that party must first seek state relief but then is usually barred by state's denial of relief in seeking compensation for takings in violation of the Fifth Amendment). We should take this case en banc to correct this egregious mess and make it clear that when we have deemed a case "not final" for purposes of appeal because of a dismissal without prejudice, then the district court regains jurisdiction to "fix" the lack of *362 finality either by granting a Rule 54(b) motion or revising the dismissal "without prejudice" to render it "with prejudice."[1] Thus, while I concur in the majority opinion under current precedent, I strongly disagree with the underlying rationale.[2]

The solution to this problem is not earth-shattering. The en banc court would merely have to slightly alter current precedent that "any action by the district court after the filing of such [Rule 41(a)(1)(A)(ii) ] a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action" by allowing the district court to grant Rule 54(b) relief or enter a dismissal with prejudice with the consent of the plaintiff. SmallBizPros, Inc. v. MacDonald , 618 F.3d 458, 463 (5th Cir. 2010) (emphasis added).

Some of our sister circuits have found more logical solutions with respect to the "finality trap." For example, the Ninth Circuit applies a case-by-case analysis, allowing for appeals after dismissals without prejudice, if "the record reveals no evidence of intent to manipulate [ ] appellate jurisdiction." James v. Price Stern Sloan, Inc. , 283 F.3d 1064, 1069-70 (9th Cir. 2002) (rejecting the Ryan rule and stating agreement with the Sixth, Seventh, and Eighth Circuits). The Seventh and Fourth Circuits look to the state of the litigation when the appeal is taken. See, e.g., Sims v. EGA Prod., Inc. , 475 F.3d 865, 867 (7th Cir. 2007) ("In evaluating 'finality,' we [have held that] it is essential to look at the whole picture, including claims that have been put on the back burner through a dismissal-with-leave-to-reinstate procedure."); GO Computer, Inc. v. Microsoft Corp ., 508 F.3d 170, 176 (4th Cir. 2007) ("What makes [dismissal without prejudice] final or nonfinal is not the speculative possibility of a new lawsuit, but that they 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.' " (quotation omitted). The First and Third Circuits allow the court to rely on the litigants' consent or declarations. See Scanlon v. M.V. SUPER SERVANT 3 , 429 F.3d 6, 8 (1st Cir. 2005) ("[I]t is possible for a party to consent to a judgment and still preserve [its] right to appeal a previous ruling on a contested matter in the case, as long as it reserve[s] that right unequivocally."); Tiernan v. Devoe , 923 F.2d 1024, 1031 (3d Cir. 1991) (finding that plaintiffs cured the appellate jurisdictional defect by "renounc[ing], through letter briefs, any intention to take further action against the [defendants]").