# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60726

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2019

Lyle W. Cayce
Clerk

AXEL JACOB ESCOBAR-PONCE,

> Petitioner,

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

> Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 677 498

Before SOUTHWICK, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

Petitioner Axel Jacob Escobar-Ponce, a native and citizen of El Salvador, seeks review of a final order of removal issued by the Board of Immigration Appeals. He contends that the BIA erred in affirming the Immigration Judge's judgment because the IJ lacked jurisdiction due to insufficient notice and applied the incorrect legal standard to Axel's Convention Against Torture claim. We disagree on both counts.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60726

Axel has not exhausted his notice claim, so we lack jurisdiction to review it. And the IJ applied the correct legal standard for CAT claims. We thus DENY Axel's petition as to his CAT claim and DISMISS his petition for lack of jurisdiction on the notice issue.

I

Around October 30, 2015, Petitioner Axel Jacob Escobar-Ponce—a one-year-old child at the time—entered the United States with his mother, Wendy Elizabeth Ponce-Torres, without inspection. Wendy claims they were forced to leave their home because of the violent MS-13 gang. Specifically, Wendy alleges that MS-13 gang members pushed her, threatened to kill her whole family, murdered her cousin, and twice beat up Axel's father. Besides the push, Wendy and Axel were never physically harmed, nor did Wendy ever report the gang threats to Salvadoran police.

The next day, Axel was served with a notice to appear (NTA) for unlawfully entering the country. The NTA reflected that a hearing date and time would be set later. At the hearing, Axel sought asylum, withholding of removal, and CAT protection. The IJ ruled against him on all three claims, but he only appeals his CAT protection eligibility. The IJ found that Axel did not meet CAT protection standards because there was insufficient evidence that the "government of El Salvador would wish to torture or acquiesce in the torture [of Axel], including the concept of willful blindness." Axel argued this was the wrong legal standard to the BIA. But the BIA affirmed the IJ's judgment, so Axel appealed. And while the petition for review was pending, the Supreme Court issued its decision in *Pereira v. Sessions*, holding that a "notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a).'" 138 S. Ct. 2105, 2110 (2018). In response, Axel supplemented his brief under Federal Rule of

No. 17-60726

Appellate Procedure 28(j) to challenge the IJ's subject-matter jurisdiction due to inadequate notice.

## II

"[A]lthough we generally have jurisdiction to review final orders of removal . . . we 'may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009) (quoting 8 U.S.C. § 1252(a)(1), (d)). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA . . . ." *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001) (citing *Goonsuwan v. Ashcroft*, 252 F.3d 383, 388–89 (5th Cir. 2001)).

When reviewing a petition, we generally only have the authority to review the BIA's decision, not the IJ's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). But we "may review the IJ's findings and conclusions if the BIA adopts them." *Id.* (citing *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002)). Here, the BIA approved of and relied on the IJ's findings, so we may review both the BIA's and IJ's decisions. "We review factual findings of the BIA and IJ for substantial evidence, and questions of law de novo, giving considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." *Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011) (quoting *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007)).

## III

### A

We first address Axel's challenge to the IJ's subject-matter jurisdiction based on the alleged NTA deficiency.

Axel argues that this issue is controlled by the Supreme Court's recent decision in *Pereira*, which held that an NTA "that does not inform a noncitizen when and where to appear for removal proceedings" does not comply with

3

§ 1229(a). 138 S. Ct. at 2110. But we recently held that *Pereira* applies narrowly to cases involving the "'stop-time rule' for purposes of a cancellation of removal." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019). Outside of the "stop-time rule," we've held that an NTA is "not defective under *Pereira*, despite its failure to include date-and-time information." *United States v. Pedroza-Rocha*, __ F.3d __, 2019 WL 3727828, at *5 (5th Cir. Aug. 8, 2019). And, in any event, where the petitioner is served with a subsequent notice of hearing that does include the missing information, as Axel was here, any error is considered cured. *Id.*

Regardless, even were we to construe *Pereira* more broadly, Axel's challenge fails since he has not exhausted all administrative remedies. *See* 8 U.S.C. § 1252(d)(1). Although Axel is correct that "[a] lack of subject-matter jurisdiction may be raised at any time and may be examined for the first time on appeal," *Volvo Trucks North America, Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012), a challenge to the NTA is not a jurisdictional challenge, *Pedroza-Rocha*, 2019 WL 3727828, at *5, and, therefore, not an exception to the exhaustion requirement. *See Omari*, 562 F.3d at 319; *Mukhtarov v. Sessions*, 739 F. App'x 260, 260–61 (5th Cir. 2018) (concluding we lacked jurisdiction to consider a motion to remand based on *Pereira* because the alien had not exhausted his claim); *see also Nunez v. Sessions*, 882 F.3d 499, 505 n.2 (5th Cir. 2018) (holding that the alien failed to exhaust her claim that an NTA was defective for not specifying a date or time of the hearing).

To exhaust an issue, a petitioner must "fairly present" it to the BIA on direct appeal or in a motion to reopen. *Omari*, 562 F.3d at 321. Fair presentation requires the petitioner bring the issue to the BIA's attention to give the BIA an opportunity to consider it. *See id.* Axel failed to raise the issue

before the IJ or BIA. This claim is unexhausted, and we thus lack jurisdiction to consider it.

B

Axel also argues that the BIA erred in affirming the IJ's decision that he was ineligible for CAT protection because the IJ used the incorrect legal standard.

To be eligible for CAT protection, an "applicant must show that it is 'more likely than not' that he would be tortured if [he] returned to his home country." *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005) (quoting *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002)); *see also Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). A person is tortured when "pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). And the "proper inquiry for 'acquiescence' is 'willful blindness,' or whether public officials "would turn a blind eye to torture.'" *Chen v. Gonzales*, 470 F.3d 1131, 1141 (5th Cir. 2006) (quoting *Ontunez-Tursios*, 303 F.3d at 354–55).

Here, the IJ applied the correct standard. The IJ concluded that there was "certainly insufficient evidence to establish the government of El Salvador would wish to torture or acquiesce in the torture of [Axel], including the concept of willful blindness." ROA.38. The IJ's language concerning consent or acquiescence exactly reflects the standard we have prescribed, and its use of "would wish" in lieu of "by or at the instigation of" does not reflect a departure from the appropriate standard. To "wish" is to "desire" or "hope." *Wish*, Black's Law Dictionary (11th ed. 2019). Absent evidence that a public official would desire to inflict pain or suffering upon Axel, there is no reason to conclude that it is "more likely than not" that the public official actually *would* inflict pain or

No. 17-60726

suffering. The BIA did not err in determining that the IJ relied on the correct legal standard.

## IV

Axel's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.