# United States Court of Appeals for the Fifth Circuit

No. 20-40180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2021

Lyle W. Cayce
Clerk

Michael Geoffrey Peters,

*Plaintiff—Appellant*,

*versus*

Lorie Davis,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-595

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Michael Geoffrey Peters, Texas prisoner # 2019190, brought this 42 U.S.C. § 1983 action against officials and employees of the Texas Department of Criminal Justice (TDCJ), including Lorie Davis, its director. He alleged that the defendants violated his federal rights by interfering with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40180

his religious freedom as a Jew, in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), by ignoring his requests for kosher meals and relocation to a prison unit with a kosher kitchen; violating his right to equal protection by preventing him from taking trade school classes; tampering with and misappropriating his legal and media mail and thus violating his right of access to the courts; misappropriating $18.79 from his inmate trust fund; and neglecting his back pain and other medical issues. The district court screened the case under 28 U.S.C. § 1915A and dismissed all claims other than the RLUIPA claims against Davis and two other defendants. Later, the district court granted summary judgment in favor of those two other defendants, dismissing the complaint against them without prejudice. Also, the district court granted Davis summary judgment on any individual capacity claim against her and any claim for monetary relief but otherwise denied her summary judgment.

The district court thereafter appointed two attorneys to represent Peters in pursuing his RLUIPA claims at trial but not in pursuing the already dismissed parts of the lawsuit or his claims on appeal. In a status conference some months later, the parties advised the court that a settlement had been reached. Davis filed an unopposed motion to dismiss the action in its entirety with prejudice and also filed a release by Peters of all claims against all defendants arising by reason of the occurrences set forth in the suit. Additionally, she filed a compromise and settlement agreement executed by Peters that used wording substantially similar to the release's and in which Peters agreed to dismiss all legal proceedings against not only Davis but the TDCJ and any official or employee thereof in connection with all matters forming the basis of the suit. After the unopposed motion and the settlement papers were filed, the district court entered an order dismissing the suit with prejudice and terminating the appointment of Peters's attorneys and entered a separate document final judgment dismissing the suit with prejudice.

No. 20-40180

Peters filed a timely notice of appeal (NOA) that encompassed all claims other than the RLUIPA claims. *See C. A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir. 1981).

Months later, Peters moved in the district court to enforce the settlement agreement, alleging that prison officials had breached it. Citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 381-82 (1994)), the district court denied the motion because its dismissal order and final judgment did not incorporate the parties' dismissal agreement or explicitly retain jurisdiction. Peters filed another NOA.

We conclude that the record unequivocally establishes that the parties filed a stipulation of dismissal of all claims. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998); *Ocean Drilling & Expl. Co., Inc. v. Mont Boat Rental Serv.*, 799 F.2d 213, 218 (5th Cir. 1986). The district court's dismissal order and final judgment were therefore "of no consequence." *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995); *see Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004). Because Peters does not show why the stipulated dismissal of all claims other than the RLUIPA claim should not stand, he has abandoned any challenge to it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To the extent that Peters filed the second NOA to appeal the stipulated dismissal of his RLUIPA claims, that NOA is untimely; thus, we lack jurisdiction to adjudicate the matter. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 20 (2017). And to the extent that Peters attempts to appeal the dismissal of his motion to enforce, we affirm on the alternative basis that the district court lacked jurisdiction because the stipulation of dismissal

contained no provision permitting that court to enforce the settlement agreement. *See Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 417 (5th Cir. 2018); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461-64 (5th Cir. 2010); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

AFFIRMED IN PART AND DISMISSED IN PART FOR LACK OF JURISDICTION; MOTION TO APPOINT COUNSEL DENIED; MOTIONS TO FILE SUPPLEMENTAL BRIEF AND SUPPLEMENTAL REPLY BRIEF GRANTED; MOTION TO EXPAND SCOPE OF THE APPEAL DENIED; MOTION TO FILE SUPPLEMENTAL EVIDENCE DENIED.