# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-20217
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2025

Lyle W. Cayce
Clerk

Charles A. Whittier; Yvette E. Whittier,

*Plaintiffs—Appellants*,

*versus*

Ocwen Loan Servicing, L.L.C.; Deutsche Bank National Trust Company, *as Trustee for* Freemont Home Loan Trust 2001-4 Asset-Backed Certificates, Series 2004-4; Merscorp, Incorporated; Mortgage Electronic Registration System, Incorporated,

*Defendants—Appellees*.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-747

———————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.
Per Curiam:

This appeal involves a district court's ancillary jurisdiction to enforce a settlement agreement where the settling parties filed an unconditional Rule 41(a)(1)(A)(ii) stipulation of dismissal without a concurrent court order incorporating the agreement's terms or expressly retaining jurisdiction over

No. 24-20217

the agreement. The district court concluded it lacked ancillary jurisdiction to enforce the settlement agreement; we AFFIRM.

Plaintiff-Appellants Charles and Yvette Whittier sued Defendant-Appellees to enjoin foreclosure of their home mortgage loan.[1] The parties settled and so notified the district court, which entered an interim order of dismissal pending final documentation of the parties' settlement. Once settlement was confected, the parties returned to court with an executed Joint Stipulation to Dismiss Action under Rule 41(a)(1)(A)(ii) and a proposed Order of Dismissal With Prejudice.[2] The Joint Stipulation provides, "The Court shall retain jurisdiction for the purposes of enforcing or interpreting the terms of the separate settlement agreement entered into between the Parties." Despite this language, the accompanying Order of Dismissal With Prejudice does not expressly retain jurisdiction over the parties' settlement agreement or incorporate the agreement's terms. The district court signed the Order of Dismissal With Prejudice as submitted the following day.

---

[1] Defendant-Appellees are PHH Mortgage Corporation as successor by merger to Ocwen Loan Servicing, LLC; Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2004-4, Asset-Backed Certificates, Series 2004-4 (labeled "as Trustee for Freemont Home Loan Trust 2001-4 Asset-Backed Certificates, Series 2004-4" in the briefs); MERSCORP Holdings, Inc.; and Mortgage Electronic Registration System, Inc.

[2] *See* FED. R. CIV. P. 41(a)(1)(A)(ii) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: . . . a stipulation of dismissal signed by all parties who have appeared."). These materials superseded the court's interim order of dismissal, which entered temporarily while the parties finalized their settlement.

No. 24-20217

Three months later, the Whittiers filed a Motion to Enforce Settlement Agreement and Award Attorneys' Fees. Defendant-Appellees resisted the motion by arguing the court lacked ancillary jurisdiction to enforce the settlement agreement. A magistrate judge disagreed and recommended that any foreclosure proceedings be enjoined "until this matter gets resolved." The district judge adopted the recommendation and entered an injunction on April 8, 2020, preventing foreclosure "pending further order of the court."[3] The injunction remained in place for over two years.

On November 11, 2022, PHH and Deutsche Bank moved to reopen the case and dissolve the injunction, alleging the Whittiers were in default. The Whittiers opposed the motion. A different magistrate judge recommended the motion be granted, finding the court lacked ancillary jurisdiction to enter the April 2020 injunction and the injunction had outlived its utility. The district judge adopted the report and recommendation, dissolved the injunction, and dismissed the suit with prejudice in a May 8, 2024 Order that expressly declined jurisdiction over the parties' settlement agreement. The Whittiers appealed. Our review is de novo.[4]

---

[3] The district court didn't characterize its April 8, 2020 injunction as preliminary or permanent. The Whittiers refer to it as a preliminary injunction, while Defendants describe it as permanent.

[4] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

No. 24-20217

As the parties invoking the district court's jurisdiction, the Whittiers bear the burden of proving it by a preponderance.[5] They offer two arguments: First, they contend the sole recourse against the 2020 injunction was by appeal to this Court; they also argue the district court's Order of Dismissal With Prejudice retained ancillary jurisdiction over the settlement agreement by virtue of referencing the parties' stipulation. Neither has merit.

The initial argument fails because this issue is one of subject-matter jurisdiction—a live issue at all stages in the proceedings.[6] As to the second, a Rule 41(a)(1)(A)(ii) stipulation of dismissal is "effective immediately" and renders subsequent action by the district court "superfluous" with "no force or effect."[7] If a district court is to retain jurisdiction to enforce the terms of a settlement agreement effectuated by a Rule 41(a)(1)(A)(ii) stipulation of dismissal, then one of two things must happen: either (1) an order expressly retaining jurisdiction over, or expressly incorporating the terms of, the settlement agreement must enter ahead of the stipulation; or (2) the

---

[5] *Id.*

[6] *Reule v. Jackson*, 114 F.4th 360, 365 (5th Cir. 2024) (stating federal courts "'are duty-bound to examine the basis of subject matter jurisdiction' at all stages in the proceedings and dismiss if jurisdiction is lacking." (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021)).

[7] *Smallbizpros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010).

4

No. 24-20217

stipulation's efficacy must be made contingent upon the district court issuing such an order.[8] Neither happened here.

Instead, the parties jointly stipulated to dismiss the Whittiers' claims with prejudice. While their Joint Stipulation includes "Terms" agreeing the court would retain ancillary jurisdiction, none makes dismissal contingent upon such an order. As such, the Whittiers' claims were dismissed with prejudice once the Joint Stipulation entered. The Order of Dismissal With Prejudice the parties proposed and the court signed also fails to expressly retain jurisdiction over the settlement agreement or to incorporate the terms of the agreement itself; its mere reference to the parties' Stipulation of Dismissal is insufficient.[9] **AFFIRMED.**

---

[8] *Id.* at 463–64; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994); *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 416–17 (5th Cir. 2018); *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 432 (5th Cir. 2002).

[9] *Kokkonen*, 511 U.S. at 380–81 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."); *Hosp. House*, 298 F.3d at 433 ("[W]e conclude that a district court's reference in its dismissal order to an agreed motion to dismiss does not indicate an intention to make a settlement agreement attached to that motion to dismiss part of the order. . . . *Kokkonen* requires a provision *within that order* expressly incorporating the agreement's terms as the order's terms."); *see also Smallbizpros*, 618 F.3d at 464 ("[J]urisdiction is a strict master, and inexact compliance is no compliance.").